# WHEELING.

ISAIAH AND JOHN CUNNINGHAM *v.* SAYRE *et als.*

Submitted January 11, 1883—Decided April 7, 1883.

1. A motion to quash a summons in unlawful entry and detainer, which summons required the defendants "to appear before the president and justices of our county court for the county of Jackson on the first day of the April term, 1880," was properly overruled, as the defendants were presumed to know at what place in the county the said court would be held.   (p. 442)

2. It is regular and proper to try an action of tort against defendants, who have pleaded, without waiting for other defendants to appear and plead.   (p. 442.)

3. Under section 2 of chapter 127 of the Code, where pending an action of unlawful entry and detainer the plaintiff dies, the action may be revived in the name of his heirs at law or devisees.   (p. 443.)

Writ of error and *supersedeas* to a judgment of the circuit court of the county of Jackson, rendered on the 12th day of November, 1881, in an action in said court then pending, wherein Isaiah and John Cunningham were plaintiffs, and Ichabod Sayre and others were defendants, allowed upon petition of said defendants.

Hon. Robert F. Fleming, judge of the sixth judicial circuit, rendered the judgment complained of.

The facts of the case are stated in the opinion of the Court.

*Parsons & Walker* for plaintiffs in error cited the Code, ch. 89, note; 2 W. Va. 574; 4 Gratt. 86; Code, ch. 125 § 12; 8 W. Va. 308.

*Henry C. Flesher* tor defendants in error cited Code, ch. 127 § 2; 12 W. Va. 516; 18 W. Va. 766.

JOHNSON, PRESIDENT, announced the opinion of the Court:

This is an action of unlawful detainer brought in March 1880, in the county court of Jackson county. The original plaintiff was William Cunningham, and the defendants named in the summons, were Ichabod Sayre, Austin Sayre, Wm. C. Sayre, Joel Sayre, Minerva Sayre and Charles E. Ramsay. The summons was served on all the defendants. It was suggested, that the defendants Austin Sayre and Wm. C. Sayre were minors, thereupon the court appointed Geo. J. Walker, guardian *ad litem*, to defend their interests in the suit. The defendants, Ichabod Sayre and Minerva Sayre, appeared and moved to quash the return of service on the summons, which motion the court overruled; and the same defendants moved to quash the summons, which motion was also overruled. The said defendants, Ichabod Sayre and Minerva Sayre, thereupon pleaded not guilty. No plea was entered for any of the other defendants named in the summons.

On the 15th day of June, 1880, it was suggested, that since the institution of the suit the plaintiff had departed this life; and it being proved to the court, that Isaiah Cunningham and John Cunningham were the devisees of the land in controversy, on motion of said Cunningham and against the protest of the defendants, the suit was revived in the names of said devisees; to which ruling of the court the defendants excepted. The defendant, Ichabod Sayre, was sworn before said motion was decided, and on oath stated, that R. E. Starcher, one of the justices then sitting when said motion to revive was made, was an important and material witness for defendants on the trial of the case, and that he desired to use him as such witness, and objected to said justice sitting to hear said motion to revive; which objection was overruled

by the court, and said justice did hear said motion to revive, and the defendants again excepted. The case was then removed to the circuit court of said county.

On the 9th day of August, 1881, a jury was empaneled to try the issue, and it rendered a verdict for the plaintiffs, and found that "the defendants *now in court* are guilty of unlawfully withholding from the plaintiffs, the land mentioned and described in the summons," &c. ; setting out in their verdict a full description of the land. The said defendants moved the court to set aside said verdict as contrary to the law and the evidence, which motion the court overruled, and entered judgment upon the verdict against the said two defendants ; to which judgment the said defendants obtained a writ of error and *supersedeas*.

The first error assigned is, that the court overruled the motion to quash the return on the summons. If there was any error in said return, for which the same should have been quashed, it was as to the defendant Minerva Sayre, which error if any she expressly waived, as the record shows. It is also assigned as error, that the summons does not show when and where the defendants therein, were required to appear and answer. There is nothing in this assignment of error ; as they were required to "appear before the president and justices of our county court for the county of Jackson, on the first day of the April term, 1880." The defendants are presumed to know the law, and they therefore knew *when* the term of the court must by law be held.

It is further assigned as error, that the jury were sworn to try the issue joined, and that they tried the case as to all the defendants when none had pleaded, except Ichabod and Minerva Sayre. This assignment does not correctly state the facts. The case was only tried as to those defendants, who had pleaded. It is regular and proper to try an action of tort, as an unlawful detainer, against defendants, who have pleaded without waiting for the other defendants to appear and plead. 1 Chitty Pleadings 97 and cases cited. It is also insisted, that it was error to try the case without assigning a *guardian ad litem* for the infant defendants, and requiring him to act. One was appointed, but he did not plead, and the case was not tried as to such infant defendants. It was still further

assigned as error, to permit R. E. Starcher, one of the justices of the county court, which decided a question in the case, to hear and decide such question after the defendant, Ichabod Sayre, had sworn before the court, that said Starcher was a material witness for him in the trial of the case.

The bill of exceptions, in which this error, if it is one, was saved shows, that the motion above referred to was to revive the action in the name of the devisees of the plaintiff, the plaintiff having died during the pendency of the suit, and and that the defendant, Ichabod Sayre, being sworn declared on oath, that said Starcher was a material witness for him in the trial of said case, and objected to his hearing and deciding said motion. The court overruled the objection and the defendant excepted. Even if the said justice was a material witness for him in the trial of the case, that fact certainly would not disqualify him to hear and determine the motion to revive the suit. The court very properly overruled the objection. It is also insisted, that it was error to revive the suit in the names of the devisees, it being earnestly contended, that an action of unlawful entry and detainer cannot be revived, but must abate on the death of the plaintiff. Before the adoption of the Code of West Virginia it was well settled, that an action of unlawful entry and detainer could not be revived on the death of the plaintiff. *Chapman* v. *Dunlap*, 4 Gratt. 86; *Moran* v. *Eldridge's Devisees*, 2 W. Va. 574.

These decisions were doubtless based upon the fact, that such an action would not survive at common law, and no statute authorized a revival of the suit. No reasons for the opinion are given in either case. The statute on the subject, when both the above decisions were rendered, is found in the Code of 1860, chapter 173 section 2, and is as follows: " Where such fact (death, etc.,) occurs in any stage of a cause, whether it be in a court of original or appellate jurisdiction, if it occurs as to any of several plaintiffs or defendants, the suit may proceed for or against the others, *if the cause of suit survive to or against them.*" Section 2 of chapter 127 of the Code of West Virginia contains the same provision, and the following material addition is made thereto: " If a plaintiff or defendant die pending any action, whether the cause of action would survive at common law or not, the same may be

revived and prosecuted to judgment and execution, in the same manner, as if it were a cause of action arising out of contract."

The general rule at common law was: "Whenever the death of any party happens pending the writ, and yet the plea is in the same condition, as if such party were living, then such death makes no alteration, for where the death of the parties makes no change of proceedings, it would be unreasonable, that the surviving parties should make any alteration in the writ; for if such writ and process were changed, it would set rights but in the same condition they were in at the death of the parties; and it would be absurd, that what made no alteration should change the writ and the process; and on this rule all the diversities turn. Bac. Ab. Tit. "Abatement" (F.) Actions grounded in *tort* generally died with the person, and actions founded on contract generally survived, although both rules were subject to exceptions.

When the Legislature in the statute above referred to used the language, that: "If a plaintiff or defendant die pending any action, whether the cause of action would survive at common law or not, the same may be revived and prosecuted to judgment and execution, *in the same manner as if it were a cause of action arising out of contract*," it is evident, that it referred in the last clause of the section to the general common law rule, that "*actions founded on contracts* survived." It was found, that great inconvenience arose in following the technical rule of the common law in abating actions, when the personal representative, his heir or devisee might bring another suit to accomplish substantially the same object had in view by the ancestor in bringing the original suit, and the manifest object of the statute was to enlarge the remedy so that the suit might be revived. It was not the object of the statute to create any new right, and give an action to the heir, devisee or representative, which he had not at common law. But where the representative, heir &c. had a right, by suit, to accomplish the same object substantially, as the ancestor had in view in bringing the suit, that for convenience it should not abate on the ancestor's death, but might be revived.

In our view the statute clearly covers a case of unlawful

detainer. The ancestor brought the suit to recover possession of the land; on his death why should it abate and drive the heirs to an action of ejectment? That suit would not only give the possession, but would do more, it might settle the title of the plaintiff; but it would acquire the possession and so would the unlawful detainer. The suit, which the ancestor brought was sufficient to acquire the possession, and the statute intended in case of his death, that his heirs or devisees, who took his place with reference to that right, may revive the suit and prosecute it. It was not error to revive the suit. It is also assigned as error, that the verdict of the jury was so vague and indefinite, that no judgment could legally be rendered thereon. There is nothing in this assignment; as an inspection of the verdict and summons, to which it refers, shows clearly, that the sheriff would have no difficulty whatever in putting the plaintiffs in possession of the said land.

There is no error in the judgment of the circuit court of Jackson county, rendered in this case; and it is affirmed with costs and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

JUDGMENT AFFIRMED.