GULF, COLORADO & SANTA FE RAILWAY COMPANY v.
W. A. BUTLER ET AL.

Decided March 11, 1903.

**1.—Harmless Error.**

Errors against defendant in rulings upon an element of damages claimed by plaintiff become immaterial where such element of damages was finally excluded from the consideration of the jury by the charge.

**2.—Carrier of Live Stock—Connecting Lines.**

A carrier is primarily liable to the shipper for damages by unreasonable delay of live stock in transportation after delivery to it from a connecting line, though occasioned by the fault of such connecting road in failing to notify it when the cattle would arrive at the connection.

**3.—Same—Charge—Not an Insurer.**

A charge holding one of connecting lines of carriers of live stock liable "for all injuries to said cattle received on its line," is erroneous in not recognizing the carriers exemption from damage by ordinary shrinkage or the inherent weakness or vice of the cattle.

**4.—Carriers of Animals—Measure of Damages.**

The measure of damages recoverable for loss of cattle dying through negligence of the carrier is the value at destination, less whatever the shipper may have received for the dead cattle.

Appeal from the County Court of Brown. Tried below before Hon. R. P. Conner.

Butler and others sued the railway companies and recovered judgment, from which defendant appealed.

*J. W. Terry* and *A. H. Culwell,* for appellant.

*West, Chapman & West,* for appellees.

STREETMAN, ASSOCIATE JUSTICE.—Appellee W. A. Butler brought this suit against the Gulf, Colorado & Santa Fe Railway Company for damages to a shipment of cattle, eight cars of which were shipped from San Angelo, Texas, and one from Brownwood, Texas, to East St. Louis, Ill.

It was alleged that the eight car loads of cattle were, prior to the shipment, held in a pasture about thirty-four miles from San Angelo, and on October 14, 1899, the agent of the Gulf, Colorado & Santa Fe Railway Company at San Angelo agreed to furnish eight stable cars for said cattle, and relying on said promise, plaintiff drove said cattle to San Angelo, but said defendant failed to furnish the cars, and for several days plaintiff had to hold the cattle in small pastures near San Angelo, where the grass was not good, on account of which they were injured and reduced in weight.

That on the 18th of October, 1899, the agent of said defendant notified plaintiff that the cars would be ready on the morning of the 19th, and by his direction plaintiff placed his cattle in said pens about 9 o'clock of said October 19th; but the cars were not furnished until about

12 o'clock that night, and during this time the cattle were kept without feed or water in said pens of defendant causing them to depreciate in weight and value.

The shipment was then loaded and carried over the Gulf, Colorado & Santa Fe Railway to Brownwood, Texas. From there, with the addition of another car, making nine cars, it was carried by the Fort Worth & Rio Grande Railway Company to Cresson, where it was again delivered to the Santa Fe company, and by it carried by way of Cleburne to Paris and thence over the St. Louis & San Francisco road to East St. Louis, Ill.

It was alleged that at Cresson and at Cleburne there were unreasonable delays and that defective cars were furnished, causing injury and damage.

The verdict and judgment were against the Gulf, Colorado & Santa Fe alone.

This case was reversed upon a former appeal on account of error in the court's charge upon the measure of damages. Upon the last trial the court submitted a charge very different from that upon the former trial, and the case is presented in a materially different aspect.

The charge of the court upon this trial eliminated all claims for damage while the cattle were held in pastures near San Angelo, and only authorized a finding of damages sustained after the cattle were by direction of defendant's agent placed in the stock pens of said company for shipment. This renders unnecessary a discussion of many of the questions raised with reference to this element of damages.

There are several assignments relating to the delay at Cresson, and with reference to these, we deem it sufficient to say that the evidence showed that such delay as occurred at that place occurred after there had been an actual delivery of the property to the Santa Fe company; and under the facts in evidence the plaintiff had the right to look primarily to the Santa Fe for such damages as he may have suffered by the delay at Cresson, if such delay was unreasonable, and that there were no pleadings by the Santa Fe against the Fort Worth & Rio Grande which would authorize them to recover over against that road for failure to properly notify the Santa Fe when the stock would reach Cresson.

We therefore hold that, under the condition of the evidence and pleadings, there was no error in refusing the special charges and excluding the evidence offered with reference to this question of notice.

The case must be reversed, however, because of the following paragraph of the court's charge: "You are further instructed that the defendant, the Gulf, Colorado & Santa Fe Railway Company, would be liable for all injuries to said cattle received on its line, though such injury might not have developed or been discovered while said cattle were in the custody of the said defendant."

This charge does not limit the liability of the Santa Fe to such injuries as resulted from its breach of contract or negligence, but holds

it responsible for all injuries. It does not exempt it from the ordinary shrinkage and damage necessarily incident to every shipment of live stock, nor from the inherent weakness or vice of the cattle. This was an interstate shipment, and they were only liable under the contract for such injuries as resulted from their negligence and failure to perform the contract; but even if they were liable as at common law, this charge would be improper. The remainder of the charge nowhere corrects the error contained in this paragraph, and we can not say that the jury were not influenced by it to the prejudice of the defendant.

The court's charge contains the following paragraph: "You are further instructed that if you believe from the evidence that some of the cattle while in the custody of defendant, the Gulf, Colorado & Santa Fe Railway Company, were so injured that they died while in transit from San Angelo, Texas, to East St. Louis, Ill., you will find for the plaintiff the value of the cattle dying from such injuries."

It is contended that the court should have instructed them that the market value at East St. Louis, Ill., was the measure of damages for the cattle that died. This is the correct measure, and while the case would probably not be reversed on account of this error, as the evidence shows the value at East St. Louis to be higher than at any other point on the route, yet it will be better, upon another trial, to correct the charge in this respect. In this connection, we note that the evidence shows that the plaintiff received $2 per head for the dead cattle at East St. Louis, and while no question is raised with reference to that upon this appeal, upon another trial it would be well to instruct the jury to deduct from any damages for cattle that died, such amount as plaintiff may have received for such dead cattle.

Thirty-two assignments of error are presented by appellant, all of which have been carefully considered, but the views which we have expressed sufficiently indicate our views upon all of the questions involved, without a separate mention of the several assignments.

We find no error, except as above indicated, but for that the judgment is reversed and the cause remanded.

*Reversed and remanded.*