# CHARLESTON.

CRAWFORD'S ADM'R *v.* TURNER'S ADM'R *et al.*

Decided May 17, 1910.

1. EQUITY—*Legal Demand—Limitations.*
   Whenever a mere legal demand is properly cognizable by suit in equity, the statute of limitations will be observed in relation to it by the equity court; and if the bill discloses the bar of the statute, a demurrer thereto will be sustained.

2. EXECUTORS AND ADMINISTRATORS—*Claims to Decedent's Estate—Limitations.*
   As to a demand which accrues to a decedent's estate after his death, the statutory period of limitation of suit is counted from the time his personal representative qualifies, if that is within five years after his death; but if there is no qualification of a personal representative within five years after his death, then the period is counted from the end of that five years.

Appeal from Circuit Court, Jefferson County.

Bill by J. Garland Hurst, Sheriff, as administrator with the will annexed of David Crawford deceased, against W. F. Turner's

administrator and others.  Decree for defendants, and plaintiff appeals.

*Affirmed.*

*Forrest W. Brown,* for appellant.

*Joseph Trapnell* and *Benj. Trapnell,* for appellees.

ROBINSON, PRESIDENT:

This suit was once before in this Court on appeal.  The decision then announced is reported in 58 W. Va. 600.  A reference to it suffices to disclose the original character of the suit.  By that decision the bill was held to be bad, and the cause remanded with leave to amend.  Then amendments of the bill were made in the court below.  But the court sustained a demurrer to the bill as amended and dismissed it.  From the decree in the premises, the plaintiff brings this appeal.  Let us here observe that what we shall say must be read in the light of the former opinion.  We shall not iterate what is already in the reports.

The bill as amended charges a personal liability against Ellen Beirne Saunders, one of the heirs of William F. Turner, deceased, and, through the attachment formerly issued in the suit, seeks to enforce the same against land purchased and owned by her in this state.  It seeks to collect from her a debt originally due from the estate of the ancestor from whom she inherited other real estate.  The liability is charged against her on the ground that she inherited real estate from that ancestor which she sold for a sum largely in excess of the debt demanded.  The real estate inherited by her was situate in Illinois.  Under the law of that state, she was personally liable to the creditors of the ancestor from whom she inherited the real estate, to the amount of the value thereof, provided the personal assets of the ancestor were insufficient to pay his debts.

As the case comes to us, our consideration is directed wholly to the sufficiency of the bill as amended.  Many of the objections to this amended bill need not be noticed.  They are precluded from discussion by a single point that is so decisive in showing insufficiency as alone to justify the decree sustaining the demurrer and dismissing the bill.  We shall pass upon no

other point in relation to the amended bill's sufficiency. Even if the allegations and proceedings are sufficient in other particulars to fix a liability on Ellen Beirne Saunders, and to call for enforcement of that liability against the land attached, the amended bill is fatally bad and unsustainable, because on its face it plainly discloses that the liability alleged against her was barred at the time the suit was instituted. This insufficiency did not appear on the former appeal. The bill then under consideration was uncertain in its allegations relative to the source from which it sought payment. That bill did not plainly aver from whom it was seeking to collect the debt, or upon what land it sought to charge the same. If the original bill related to land owned by Ellen Beirne Saunders which she had inherited from Turner subject to his debts, or related to a demand against Turner's administrator, the debt may not have been barred as against his estate for all that appeared from the original allegations. But now, with the amendment seeking clearly to make a case of personal liability against Ellen Beirne Saunders, the bar appears on the face of the bill as amended. No facts are set forth to take the case out of the statute—to excuse the plaintiff for delay beyond the legal period. The statute of limitations is applicable on demurrer to a bill in equity. 9 Enc. Dig. Va. & W. Va. Rep. 445.

The demand alleged in the amended bill is purely a pecuniary one. A personal debt is demanded from Ellen Beirne Saunders. Though the jurisdiction for this suit in equity on that alleged personal debt may be well founded, the claim is nevertheless of the character of those ordinarily cognizable at law. It is in fact a mere legal demand. Therefore, the legal statute of limitations is applicable. That statute will be followed by the equity court. *Sibley* v. *Stacey,* 53 W. Va. 292. It bars the claim in five years from the time it begins to run. And notwithstanding the liability arose in Illinois, yet in the enforcement of it our courts will apply our own law of limitation of suit, because that law really refers to the remedy for collection and not to the liability itself. The Illinois law ordaining the liability does not particularly apply time to it—does not by limitation affect it substantively. Minor on Conflict of Laws, section 210.

Now, what is the age of this debt which is presented as a

personal liability against Ellen Beirne Saunders? The debt originally accrued to the estate of David Crawford in the year 1861. It accrued against Turner when he received from that estate slaves and money under the mistaken belief that he was entitled to them as an heir of Crawford. When Turner died and his daughter, Ellen Beirne Saunders, inherited the Illinois property, the liability for the debt, if it still existed, was thrust upon her. Hurd's Rev. Stat. of Illinois, chapter 59, section 12. Turner died prior to October 27, 1876. His heir sold the Illinois property in 1879. So Ellen Beirne Saunders became liable, if at all, as early as 1876 to pay this debt to Crawford's estate. Then is it not barred by the long lapse of time? But it was not until 1881 that Crawford's will was produced and probated in Maryland, thereby disclosing that Turner had received slaves and money belonging to others. It was not until this time that the alleged liability of Ellen Beirne Saunders became known. Let us assume, but not decide, that the allegations of the bill are sufficient to excuse the delay in bringing to light the will and the liabilities thereby disclosed—that the bill shows fraud and concealment preventing the running of the statute until the discovery of the will. Even then the statute would begin to run from the date of the probate—August 16, 1881. Five years from that time would bar, if nothing further prevented the running of the statute. So the bar would set in on August 16, 1886.

It may be thought, however, that, as there was no personal representative in this jurisdiction to enforce the liability against property here subject by attachment to it, the statute did not run until the administrator was appointed. Formerly the statute did not run against a claim in favor of a decedent's estate, if the claim accrued after the death of the party to whose estate it became due, unless there was a personal representative to assert it. 1 Robinson's Practice (new) 589. No personal representative for Crawford's estate qualified, within the jurisdiction where the liability against Ellen Beirne Saunders could be asserted as this bill undertakes to do, until October 20, 1886. On that date the plaintiff was appointed and qualified as administrator and at once began this suit. But; in determining whether or not the liability is barred, our law makes that appointment to relate back. Thus the delay of the old law has been by statute

limited in ·time.   Since the administrator was not appointed
within five years after Crawford's death, the appointment is
deemed, by statute, to have been made on the last day of the
five years after his death.   Code 1906, chapter 104, section 17;
1 Barton's Law Practice 68; 1 Robinson's Practice (new) 590.
Crawford died prior to April 6, 1861.   The liability accrued
long after his death.   So the law deems this administrator to
have been appointed prior to April 6, 1866, so far as the
statute of limitations is concerned.   Then in contemplation of
law there was an administrator against whom the statute is
deemed to have run long before the date of his actual appoint-
ment in 1886.   In other words, as to a demand which accrues
to a decedent's estate after his death, the statutory period of
limitation of suit is counted from the time his personal repre-
sentative qualifies, if that is within five years after his death;
but if there is no qualification of a personal representative·
within five years after his death, then the period is counted
from the end of that five years.

At the latest, even assuming that fraud and concealment
taking the case for a time out of the statute of limitations are
sufficiently alleged in the bill, time began to run in favor of
Ellen Beirne Saunders when the will was produced and pro-
bated on August 16, 1881.   In any event, the five years of the
statutory limitation on the liability then set in.   They were out
on August 16, 1886—more than two months before the institu-
tion of this suit.   They had run and barred the liability even
before the administrator was appointed.

The bill disclosed plainly that the debt it sought to collect
was barred.   It set up a dead legal claim which equity will
not enforce.   The decree dismissing the bill is affirmed.

*Affirmed.*