WILLIAM P. WILSON *et al. v.* HONORABLE J. HAROLD BRENNAN, *Judge, etc., et al.*

(No. 7881)

Submitted February 14, 1934.  Decided March 27, 1934.
(Rehearing Denied June 15, 1934)

*O'Brien & O'Brien, Carl O. Schmidt, Carl G. Bachmann, McCamic & Clarke, Jay T. McCamic, W. R. Tinker, Jr., Charles J. Schuck, Hugo F. Blumenberg, W. C. Grimes,* and *Ralph L. Miller,* for petitioners.

*David E. Mitchell, Caldwell, Kline & Mead,* and *Rummel, Blagg & Stone* and *Harold A. Ritz,* for respondent Natural Gas Company of West Virginia.

LITZ, JUDGE:

Relators seek by prohibition to restrict the execution of an order of reference in a chancery cause pending in the circuit court of Ohio County. The suit was instituted by relators on behalf of themselves, and others similarly situated, against Natural Gas Company of West Virginia (a public utility furnishing natural gas for domestic and industrial use in Wheeling, Benwood and neighboring vicinities), to enjoin the company from collecting an allegedly excessive rate, and to recover charges paid in excess of the alleged legal rate. On July 20, 1922, the gas company applied to the public service

commission for an increase in its rates from forty cents to sixty cents per thousand cubic feet. The application was resisted by the cities of Wheeling and Benwood, and the Wheeling Chamber of Commerce. After an investigation and hearing, the commission, on March 10, 1923, refused to grant an increase. February 26, 1924, this court reversed the order of the commission and remanded the cause for further proceedings. *Natural Gas Company* v. *Public Service Commission,* 95 W. Va. 557, 121 S. E. 716. On June 26, 1924, the parties to the proceeding entered into a written agreement, approved by formal order of the commission, providing for the dismissal of the case without prejudice, the filing of tariffs establishing a fifty-two-cent rate for domestic service effective from June 15, 1924, until December 15, 1927, and increased expenditures by the gas company if necessary to the furnishing of adequate service. This rate has been charged and collected by the company continuously since it became effective. June 27, 1930, the company, in response to correspondence with the public service commission, re-filed its tariff for the fifty-two-cent rate. On August 14, 1931, the city of Wheeling filed a complaint against the company, before the public service commission, averring that it had violated the law of the state in charging unreasonable, extortionate and unlawful rates. September 3, 1931, before any evidence had been taken, the city moved that the company be required to charge the forty-cent rate upon the theory that it was automatically restored at the termination of the contract period, December 15, 1927. The commission, after a hearing thereon, refused the motion November 25, 1931, and entered an order requiring the company to ''keep and preserve true and accurate accounts and records of all monies received by it from its customers in this state so as accurately and completely to show the several amounts received monthly from each of its customers from the rates stated in its tariff, in order that such order may be made and such further proceedings had as are authorized by law and warranted by the facts brought out in the investigation now pending.'' An appeal from the ruling of the commission refusing to require the company to observe the forty-cent rate was denied by this court. Thereafter, the suit to enjoin the collection of the fifty-two-cent rate and to recover

alleged overcharges was brought. On September 13, 1932, a rule in prohibition was awarded by this court against the judge of the circuit court upon the petition of the company charging that the court was without jurisdiction to entertain the suit. In the opinion refusing the writ, Judge Haymond Maxwell, speaking for the court, said: ''The question whether the charges made by the Gas Company were in excess of the legally prescribed rate in effect at the time the charges were made, presents a judicial problem of which the circuit court of Ohio County has jurisdiction. The case involves a claim of reparation for alleged injuries. The solution will depend not upon whether the charges were in excess of a reasonable rate, but whether they were in excess of the lawfully established rate.'' *Natural Gas Company of West Virginia* v. *Sommerville*, 113 W. Va. 100, 166 S. E. 852. The company then demurred to the bill, and, upon the overruling thereof, filed its answer. The order of reference, following, directs the master to ascertain and report, among other matters, ''as to what would have been a fair and legal charge'' by defendant in excess of forty cents, if any, from December 15, 1927, to the institution of the suit. Plaintiffs now seek, by prohibition, to restrain the court and the commissioner from executing the order of reference in so far as it directs the ascertainment of what would have been a fair and legal charge in excess of the forty-cent rate, if any, during the period in question. To the contention of relators that the court is without jurisdiction to determine reasonable rates, the company answers that the proposed finding is incidental to a decision of the question, whether the fifty-two or forty-cent rate was operative after December 15, 1927; that such course is necessary to determine whether the relators were guilty of laches in asserting their claims. This response, in our opinion, is not satisfactory. If the forty-cent rate was conclusively restored upon the termination of the agreed or trial period, a higher charge could not have been justified on the ground that it was a reasonable rate. On the other hand, if the forty-cent rate was not, at the expiration of the time specified, conclusively re-established, the issue as to which of the two rates was thereafter effective, may be determined from the written agreement, the order effectuating the fifty-two-cent rate, the

proceedings of the rate case in which the order was entered, the subsequent acts and conduct of the utility and its consumers, and the action or non-action of the commission, without regard to the reasonableness of either rate. Further, in respect of the defense of laches it is to be remembered that though the suit is in chancery (for convenience), the claims involved are legal demands. Laches is basically a defense of equity applicable to matters of primary equity jurisdiction. True, he who seeks equity must do equity; but it is difficult to perceive wherein a litigant does inequity by asserting a legal demand within the period of limitation prescribed by the statute. "A legal demand sued on in equity is subject to the statute of limitations and not laches." *Sibley* v. *Stacey*, 53 W. Va. 292, 44 S. E. 420. See also *Crawford's Adm'r.* v. *Turner's Adm'r.*, 67 W. Va. 564, 566, 68 S. E. 179.

It is insisted that the issuance of a writ of prohibition herein will operate to interfere with a court of competent jurisdiction in the management of a case therein pending, and that the appellate court should not in this manner interfere with interlocutory proceedings of a trial court. It is, of course, a well recognized principle that when acting within its jurisdiction a trial court should not be interfered with in the manner of resolving issues pending before it; that if it commits error the same may be corrected upon review by the appellate court. But even in a case of which it has unquestioned jurisdiction, a trial court should not be permitted to invoke a procedure involving great delay and stupendous expense for the purpose of determining a matter not within its primary jurisdiction, or necessary to a decision of the pertinent issues.

Being of opinion that the proposed investigation and determination of reasonable rates is not within the competency of the court, the writ will be awarded.

*Writ awarded.*