# CHARLESTON.

GROVER *v.* OHIO RIVER RAILROAD CO.

Submitted January 27, 1903.  Decided April 4, 1903.

1. DECLARATION—*Railroad Co.—Damages.*
    A declaration in *assumpsit* based on a claim of plaintiff against a railroad company for personal injuries, which plaintiff claims was compromised by defendant agreeing to give plaintiff employment at a stipulated *per diem* as track walker, as long as defendant kept a track walker on the section designated, and from which service he was wrongfully discharged, which fails to allege a complete accord and satisfaction is bad on demurrer. (p. 105).

2. DECLARATION.

A declaration in *assumpsit* based on mutual promises, which fails to allege the promises made by plaintiff and that defendant "in consideration of such promises" undertook and promised to do the things alleged is demurrable. (p. 107).

Error to the Circuit Court, Mason County.

Action by J. P. Grover against Ohio River Railroad Company. Judgment for plaintiff, and defendant brings error.

*Reversed.*

RANKIN WILEY, H. P. CAMDEN and J. W. VANDERVORT, for plainttiff in error.

W. R. GUNN, CHARLES E. HOGG and SOMMERVILLE & SOMMERVILLE, for defendant in error.

MCWHORTER, PRESIDENT:

This was an action of *assumpsit* instituted by J. B. Grover against the Ohio River Railroad Company in the circuit court of Mason county averring a contract made with the defendant under a compromise and agreement that plaintiff should have the business of track walking on section No. 29 on the line of said railroad as long as the defendant company kept a track walker on said section No. 29, at the price and compensation of one dollar per day, which service was from the......day of November, 1893, and continued until the ...... day of ...... 1897, when plaintiff was discharged from such service and was refused further employment by the defendant as such track walker although the defendant still continued to keep a track walker on such section; that said compromise and agrement was made with plaintiff as a compensation for personal injuries received by him as the result of the wrongful acts and negligence of the said defendant acting by and through its agents and employes.

On the 9th of February, 1899, defendant appeared and demurred to the declarattion and each count thereor, which demurrer was overruled and the defendant pleaded *non-assumpsit.* At the February term, 1900, a jury was impanneled, the case tried and a verdict rendered in favor of the plaintiff for six hundred and seventy-nine dollars and seventy-five cents

damages. Defendant moved to set aside the verdict and award said railroad as long as the defendant company kept a track the business of track walking on section No. 29 on the line of a new trail, of which moton the court took time to consider. On the 21st of May, 1900, the motion to set aside the verdict because the same was contrary to the law and evidence and because of the court's refusal to give certain instructions to the jury asked for by the defendant and because of the court's rulings on the introduction of certain matters of evidence, being argued and consdered it was overruled, to which rulings the defendant excepted and judgment was rendered upon said verdict. The defendant took three bills of exceptions numbered respectively one, two and three and made a part of the record. Defendant obtained a writ of error from one of the judges of this Court assigning six separate errors. First, that the court erred in overruling the defendant's demurrer to plaintiff's declaration and to each count thereof. There are two counts in the declaration.

The first count alleges "that he intended to bring an action for damages against the said defendant for the injury so received by him as aforesaid, and would have brought such action but for the reason that the said defendant, by way of compromise and adjustment with the plaintiff, as a compensation for the injury received by him as aforesaid, offered and proposed to donate to this plaintiff half time until he was able to resume his work, and further offered that as soon as the plaintiff was able to go to work the said defendant would give to this plaintiff the light business and employment of track walking on section No. 29, as long as the defendant kept a track walker on said section No. 29. This plaintiff says, that by way of compromise and in order to avoid litigation, he accepted the proposition aforesaid and offer aforesaid, made to this plaintiff as aforesaid; and after the said plaintiff had sufficiently recovered from his injuries he entered upon the business and work of a track walker on said section No. 29, and that on the ...... day of ......, 1893, he began his work of track walking, under the contract, compromise and agreement that he should have the business of track walking, on said section No. 29, as long as the said defendant should keep a track walker on said section No. 29. This plaintiff says that in pursuance of said con-

tract he was employed by said defendant as such track walker on section No. 29 from the .... day of ......, 1893, until the ...... day of ......, 1897, at the price and compensation of one dollar per day. And plaintiff says that on on the .... day of ......, 1897, the said defendant discharged this plaintiff as track walker on said section No. 29, and has refused ever since that day to give this plaintiff the business and work of track walking on said section No. 29, and still refused to give this plaintiff any further work of track walking on said section No. 29, although this plaintiff says that the said defendant still retains a track walker and keeps such track walker on section No. 29, who is a person other than this plaintiff, and has kept and employed a track walker on said section No. 29 ever since the discharge of this plaintiff; and this plaintiff says that ever since his discharge from his employment of track walking aforesaid he has been at all times ready and willing to perform his part of said contract of track walking on section No. 29, and is still ready and willing to do so. So this plaintiff avers that he lost his position and situation as track walker on said section No. 29, and the defendant refused to restore this plaintiff to said employment of track-walking on said section No. 29."

This is a declaration upon an alleged oral contract of which there was no memorandum or writing; it does not allege there was any dispute between the plaintiff and defendant in relation to any liability for his personal injuries, or that he was making any claim against the defendant on that account and that in consideration of the claim of plaintiff against the defendant for damages for personal injuries, and that plaintiff would not bring this action for such damages, the defendant promised to give plaintiff the employment as alleged. It it only alleged that plaintiff intended to bring an action for damages against the defendant for the injuries so received by him but does not allege that the defendant knew of his said intention, nor that the defendant, in consideration of avoiding litigation with plaintiff or for any other reason, compromised or adjusted his alleged claim or intended action by agreeing to donate him half time until he should be able to work and to give him a place on section No. 29 as track walker.

The second count contains practically the same allegations

as the first count except plaintiff alleges that the defendant had notice of plaintiff's purpose and intention to bring a suit to recover damages for his injury, without stating when the defendant had notice whether before or after the compromise is not shown, but it does not allege that the defendant in order to settle the intended suit and avoid litigation, made the proposition, nor the plaintiff accepted the proposition offered in full satisfaction of his said claim for damages and released the said defendant from liability therefor in pursuance of such compromise and adjustment. The declaration fails to allege any consideration for the promises alleged to be made by the defendant; it is nowhere alleged that in consideration of alleged promises made or things done or to be done by plaintiff the defendant promised and undertook as in the declaration it is alleged. 1 Chit. Pl (16th ed.) 305.

The declaration is not sufficient either as on mutual promise or as on an accord and satisfaction, an the demurrer to the declaration and to each count should have been sustained.

The only other assignment of error deemed necessary to notice is that of refusing to give defendant's instruction No. 6. "The court instructs the jury that the plaintiff must show the amount of his loss by proving his diligence to get other employment and what he has been able to realize." In 2 Sutherland on Damages, page 1565, side page 474, sec. 693, it is said: "The oportunity to be employed by another will not, however, be presumed, but must be affirmatively shown by the defendant. While the rule here is the same as in other cases, that compensation is limited to the actual injury, and this is deemed to be only the difference between the wages stipulated to be paid by the defendant and the amount the plaintiff by diligence can obtain for like serivce elsewhere; yet the burden is on the defendant to show the latter amount; otherwise the damages will be measured by the salary or wages agreed to be paid." And cases ther cited. The court had given on the motion of defendant, which was proper, the following instruction: "The court instructs the jury that if a person is hired for service for a given term and is wrongfully dismissed the law imposes upon him the duty to seek other employment, and to the extent that he obtains it and earns wages, or might have done so, his dam-

ages are reduced." The court did not err in refusing instruction No. 6.

The judgment complained of is reversed, the verdict of the jury set aside and the case remanded with leave to plaintiff to amend his declarations if he be so advised and a new trial awarded.

*Reversed.*