# CHARLESTON.

GEORGE A. BISHOP v. WHEELING MOLD & FOUNDRY CO.

Submitted September 24, 1918.   Decided October 1, 1918.

1. SALES—*Implied Warranty—Pleading.*

A declaration alleging, in general terms, warranties of the soundness of materials and adequacy of wrokmanship in machinery and its fitness for the purposes for which it was purchased raises no issue, on a demurrer thereto, as to whether the last named warranty is an implied one.

2. SAME.

In pleading, there is no necessary difference between an express and an implied warranty, in a sale of personal property, imposing duty upon the pleader to specify the class to which the warranty he sets up belongs; wherefore either an express or an implied warranty of fitness may be proved under an allegation thereof in general terms.   (p. 640).

3. PLEADING—*Allegation of Fact—"Which."*

A clause introduced by the relative pronoun "which" is a sufficient allegation of the fact stated in it, if, when read in connection with its context, it plainly manifests intent on the part of the pleader to set up such fact and rely upon it.   (p. 639).

4. EVIDENCE—*Pleading Unexecuted Agreement.*

An allegation of an unexecuted and unperformed agreement of compromise of a cause of action sufficiently set up in a count in a declaration does not show an extinguishment of the original right of action stated nor constitute good ground of demurrer to such count.   (p. 641).

Error to Circuit Court, Ohio County.

Action by George A. Bishop against the Wheeling Mold & Foundry Company.   Demurrer to declaration sustained, judgment of dismissal rendered, and plaintiff brings error.

*Reversed, and cause remanded.*

*Jno. J. Coniff,* for plaintiff in error.

*Henry M. Russell,* for defendant in error.

POFFENBARGER, PRESIDENT:

This writ of error goes to a judgment of dismissal of an action seeking recovery of damages for breaches of alleged warranties in a sale of personal property, a demurrer to the declaration and each count thereof having been sustained and the plaintiff having declined to amend.

The discussion of the assignment of error proceeds upon the assumption that the two counts of the declaration allege an express warranty of materials and wrokmanship in certain machinery purchased by the plaintiff from the defendant and an implied warranty of fitness or suitableness of the machinery for the purposes for which it was purchased. All of the allegations are general in their terms. It does not appear whether the contract was oral or in writing. Each of the counts charges that the defendant guaranteed all of the equipment against breakage through flaws in the castings or defective workmanship, for the period of one year from the date of delivery, and agreed that such defective parts as should appear in the machinery would be replaced free of charge. Each of them contains the further allegation that the defendant, at the time it delivered the appliances to the plaintiff, contriving and intending to injure and defraud him, knew such appliances and all of them "were defective unable and unsuitable to do the work which the defendant agreed with the plaintiff they would do." This is followed by the allegation that immediately on the failure of the appliances to do the work the "defendant guaranteed they would do," the plaintiff called its attention to their defective features, and that thereupon the defendant assured the plaintiff "that it would immediately put said appliances in proper working order and condition, so that they would do the work for which the plaintiff had purchased them" and "would be such as the said defendant guaranteed the plaintiff they would be at the time of said purchase." In neither of the counts, is there an allegation of a breach of the warranty of the soundness of materials and adequacy of workmanship. Lack of an assignment of a breach of this warranty is a fatal defect in the statement of a cause of action founded

on it.  Tacitly admitting their insufficiency in this respect, the plaintiff in error insists upon the sufficiency of the counts as declarations for breaches of an implied contract of fitness or suitableness of the appliances and machinery for the purpose for which they were purchased, and the defendant in error insists that the declaration shows on its face the purchase of machinery by description, and relies upon that, as well as upon the allegation of an express warranty as to materials and workmanship, as being inconsistent with the theory of such an implied warranty.

Whether the terms of the declaration importing a warranty of fitness are sufficient in form and substance, to constitute such an allegation, is a question that is passed over in silence.  The argument seems to assume the possibility of proof of an implied warranty in an action for a breach thereof, without an allegation of the warranty, or the presence of an allegation of an implied warranty only.  In an action *ex delicto* founded upon the breach of a warranty, it is necessary to allege the warranty as the basis of the duty violated by the act complained of.  *Steel* v. *American Oil Development Co.,* 80 W. Va., 206.  Promises raised by the law from facts alleged and proved must be averred, although the promises need not be proved otherwise than by proof of the facts.  In many actions of assumpsit, it is unnecessary to prove a promise to pay, but the promise must be alleged.  *Wade* v. *Dixon,* 55 W. Va., 191; *Wolf* v. *Spence,* 39 W. V., 491, 494; *Sexton* v. *Holmes,* 3 Munf. 566; *Winston's Ex'rs.* v. *Francisco,* 2 Wash. 189; '' Tuck. Com., 143; 4 Min. Inst. part 1 p. 557; Hogg's Pl. & F. p. 72.  If the terms quoted from the declaration sufficiently allege a warranty of fitness, under which proof of an implied warranty is admissible, each of the counts seems to state a good cause of action arising out of such warranty and a breach thereof, since the breach is clearly and unequivocally alleged, whether all the damages claimed are recoverable or not.

The declaration shows the machinery consisted of a stone crusher, pulverizer, induction motor and a chain elevator and was purchased for use in a stone quarry, for the pulverization of stone for the market.  This having been dis-

closed, the declaration further says the defendant agreed with the plaintiff that the machinery and appliances would do this work and also that it guaranteed that they would. This is substantially repeated again, in connection with the alleged promise of the defendant to put the appliances in proper working order and condition. Although these allegations of guaranty are in clauses introduced by the pronoun "which," they are not necessarily recitals. In other words, they are not merely descriptive of the work, for the pronoun "which" is often treated as the equivalent of the two words "and it." The pleader, using it in this sense, may well be deemed to have intended to say the defendant guaranteed the machinery to be fit and suitable for the work and agreed with the plaintiff that it would do it, and, again, that immediately upon the failure of the appliances to do the work, and the defendant guaranteed that they would do it, he called its attention to the defective features of the appliances. While such pleading is by no means skillful or artistic, it suffices. *Baltrell* v. *Ohio River Railroad Co.,* 34 W. Va., 232. "But if it (an allegation) be clearly capable of different meanings, it does not appear to clash with any rule of construction, applied even to criminal proceedings, to construe it in that sense in which the party framing the charge must be understood to have used it, if he intended that his charge should be consistent with itself." 1 Chit., Pl. 238. The allegation in question is ambiguous, it must be admitted, but it is to be read in connection with its context, and other parts of the declaration, showing intent and purpose to claim damages for the breach of a warranty of fitness.

Lack of specification of the character of the warranty, in the allegation, does not make it allege an implied one. In other words,, it is not to be taken as having set forth an implied warranty only, because it does not say the warranty was made in express terms. Under it, either an express warranty or an implied one may be proved, if plaintiff is able to produce the evidence. "For purposes of pleading, there is no difference between an express and an implied contract, and * * * in every case, where the agreement

is not in writing, the same identical words or description are employed to describe an implied as well as an express promise; and it follows, therefore, that in this case the promise declared on may be established by proof of a contract, express or implied—all that is necessary being that the contract proven shall be the contract set out in the declaration." *Payne* v. *Grant,* 81 Va., 164, 168. "It is clear, moreover, that for the purposes of pleading, there is no distinction between an express and an implied contract." 1 Chit. Con. p. 80.

Since the allegation of warranty of fitness is broad enough to admit proof of an express warranty, as well as proof of an implied warranty, the argument based upon the disclosure of a purchase of machinery by description, and the existence of another express warranty, wholly fails. It was competent for the parties to stipulate for warranties of materials, workmanship and fitnes of machinery purchased by description; and, if they did so stipulate, the agreement may be proved under the declaration.

The second count alleges a subsequent agreement of compromise by which the defendant bound itself to pay $500.00 in satisfaction of all claims for delays in delivery of the machinery and for improper working thereof, and to remedy certain defects in the machinery or replace with other machinery of equal or greater capacity, but it was further agreed, according to the allegation, that the warranties were not to be affected in any manner by said subsequent agreement. There is no allegation that the defendant performed its subsequent agreement. On the contrary, it is distinctly and emphatically charged that it did not do so. If it had, there would have been an accord and satisfaction extinguishing the liability for the breach of the original contract. But a mere accord, without satisfaction, does not have such affect. *Grover* v. *Ohio River Railroad Co.,* 53 W. Va., 103; *Herrington* v. *Harkins,* 5 Rob. 591; 1 R. C. L. 199; 1 C. J. 530. In so far as this allegation may be treated as an admission, it does not, therefore, nullity the effect of the allegation of the warranty of fitness and a breach thereof. It does not ex-

tinguish the original contract or the liability thereon, nor constitute a bar to the right of action growing out of it.

These conclusions call for reversal of the judgment, overruling of the demurrer and remand of the case.

*Reversed and cause remanded.*