HARRISON et al. v. ST. LOUIS UNION TRUST CO. et al.

(Court of Civil Appeals of Texas. Texarkana. May 16, 1912. On Motion for Rehearing, June 6, 1912.)

1. LIMITATION OF ACTIONS (§ .199*)—DIRECTION OF VERDICT.

Where plaintiff's cause of action is barred by limitation before commencement of suit, a peremptory instruction for defendant is proper.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 727–730; Dec. Dig. § 199.*]

On Motion for Rehearing.

2. APPEAL AND ERROR (§ 1040*)—REVIEW—HARMLESS ERROR—SUSTAINING DEMURRER.

Where plaintiff sought a recovery of land in the form of trespass to try title, but his pleading disclosed that he was relying upon the same transaction which formed the basis of his claim for damages for interference with the making of a contract, and the facts shown were insufficient to establish either a title or right of possession in plaintiff, or the damages claimed, error in sustaining a demurrer to that part of the action brought to recover land was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by Y. D. Harrison, trustee, and others against the St. Louis Union Trust Company and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Beard & Davidson, of Marshall, for appellants. F. H. Prendergast, of Marshall, and M. B. Templeton, of Dallas, for appellees.

HODGES, J. The appellants brought this suit in the court below to recover certain real estate described in their petition, and for damages, claimed as the result of an alleged malicious interference on the part of the appellees in the making of a contract with certain citizens in the city of Marshall, whereby the Sabine Valley Railway Company expected to acquire a bonus, a right of way, and terminal property. The Sabine Valley Railway Company is now a defunct corporation, and has been since July 1, 1909; and this suit is being prosecuted by Y. D. Harrison and others, as trustees, managers, and directors, for the benefit of the creditors and stockholders. As the conclusion of the testimony in the trial below, the court instructed a verdict for the defendants; and it is from the judgment thereupon rendered that this appeal is prosecuted.

The evidence shows that about 1883 the citizens of Marshall, by a popular subscription, raised a sum of money as a bonus, to be used to encourage the building of a railroad running south to the Gulf. This money was placed in the hands of trustees and, with the consent of the subscribers, invested in certain terminal grounds, consisting of 30 acres of land and a railway right of way extending several miles south from the city. By the terms of the trust, this committee of citizens held the legal title to this property, and was authorized to convey it to any company that would thereafter construct a railroad south from the city of Marshall. The Sabine Valley Railway Company was incorporated in June, 1908, by L. E. Walker, his son and daughter, and some others, as stockholders. Prior to this incorporation, Walker began negotiations with the citizens of Marshall with a view of securing this bonus by constructing the desired railroad. He succeeded in arousing sufficient interest to cause public meetings to be held and his proposals discussed. As a result of those meetings, a committee was appointed which submitted certain terms and conditions upon which the citizens would raise a cash bonus and procure a conveyance of the terminal grounds and right of way held in trust for railway purposes. It is sufficient to say that Walker and his associates never complied with those terms; and, there never at any time existed either a moral or a legal obligation on the part of the citizens of Marshall to give him a cash bonus, or to convey the terminal property and right of way held in trust. In December, 1908, the Marshall & East Texas Railway Company, which ran into the city

of Marshall, through its agents, submitted certain proposals to the citizens, by which it agreed to construct the railway, extending south upon conditions named. These terms included a cash bonus to be raised by popular subscription and the conveyance of the terminal property and right of way, above mentioned. A number of public meetings were held, and negotiations through committees carried on for some weeks. The result was that in February or March, 1909, a committee on the part of the citizens concluded an agreement with the representatives of the Marshall & East Texas Railway Company, by which, in consideration of a cash bonus, the right of way, and the terminal property, the latter agreed to construct a railway within a stipulated time south to the line of Panola county. This agreement appears to have been carried out in every respect by the railway company and the citizens' committee.

Appellants seek in the first part of their petition to recover this terminal property and right of way. In the alternative, they ask a judgment for damages against the Marshall & East Texas Railway Company and the St. Louis Union Trust Company for maliciously interfering and preventing the making of a contract between Walker and the citizens of Marshall, whereby the Sabine Valley Railway Company might have earned the bonus and the property mentioned. The testimony relied on is, we think, wholly insufficient to support a recovery of either the property or damages. The court was fully warranted in giving the instruction he did. It would serve no useful purpose in elucidating any legal principle involved in the determination of this case to set out the facts disclosed by the testimony upon these issues.

[1] Among the defenses interposed by the defendants in the court below was that of limitation. The testimony of the appellants' principal witness, L. E. Walker, shows that the cause of action, if there ever was any, in favor of the Sabine Valley Railway Company was barred by the lapse of more than two years after its accrual and before the institution of this suit. We think the court was justified in giving a peremptory instruction upon this ground, if not upon the other; and for this additional reason the judgment of the court below is affirmed.

On Motion for Rehearing.

[2] In their motion for a rehearing, the appellants insist that the trial court erred in sustaining a demurrer to that part of their petition which sought a recovery of the right of way and terminal grounds, and which was presented in the form of an action of trespass to try title. They contend that, owing to the form in which this portion of their cause of action was couched,

it was good as against the general demurrer;; and that after the ruling of the court to the contrary they were not called upon to introduce in evidence their muniments of title. It is true that appellants did plead in the form stated; but they also specially pleaded their title, and this disclosed the fact that they were relying upon the negotiations conducted by Walker with the citizens of Marshall—the same transactions which formed the basis of their claim for damages. All of those facts were presented in the evidence adduced upon the trial, and were insufficient to establish either a title in the appellants, or right of possession to the property in controversy, or the damages claimed. Hence the error, if any, on the part of the court in sustaining the demurrer was harmless.

The motion is overruled.