# CHARLESTON.

## WOODFORD *v.* McDANIELS.

Submitted January 20, 1914.    Decided March 31, 1914.

1. ABATEMENT AND REVIVAL—*Death—Actions Ex Delicto—Abatement.*
   A cause of action *ex delicto* which abated by death and did not survive, at common law, to or against the personal representative, does not survive by virtue of §2, ch. 127, Code 1913.    (p. 737).

2. SAME—*Survival—Operation of Statute.*
   Section 2, ch. 127, Code, prescribes only the mode of procedure for the revival of actions which, at common law or by virtue of other statutory provisions, survive to or against the personal representative.    It does not create a new cause, or give a new right, of action which did not exist before.    (p. 737).

3. SAME—*Right of Action—Abatement.*
   Section 20, ch. 85, Code, does not authorize recovery of indirect or consequential damages resulting from the wrongful use of judicial proceedings, whereby the person injured was deprived merely of the use and benefit of property pending a suit subsequently dismissed on appeal for want of jurisdiction.    (p. 739).

4. SAME—*Action for Malicious Prosecution—Survival.*
   A cause of action for malicious prosecution does not, under the common law or by statute, survive against the personal representative, unless as a result thereof property is acquired by the wrongdoer which enures to his benefit or enhances the value of the estate in the hands of his personal representative.    (p. 739).

Error to Circuit Court, Randolph County.

Action by Isaac C. Woodford against Isaac McDaniels for damages for malicious use of judicial process.    Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*W. B. Maxwell* and *D. H. Hill Arnold,* for plaintiff in error.

*A. R. Stallings* and *Samuel T. Spears,* for defendant in error.

LYNCH, JUDGE:

By an action of trespass on the case, Woodford seeks recovery of damages against the defendant, occasioned, as he avers, by the malicious use of judicial process.    He charges

that McDaniels, by bill in equity, filed in a federal court, secured the appointment of receivers, who were authorized to take and who did take into their possession, management and control a certain hotel and bar room under lease by Woodford, and certain goods used in the operation of the hotel and bar room, and thereby destroyed his business, resulting in the loss of the use of the personal property, the deprivation of profits which would have accrued under the lease, and the expenditure of costs and counsel fees incident to his defense therein; and that, upon appeal, the decree of appointment was reversed, the receivers discharged, and the bill dismissd for want of jurisdiction in the lower court.

Pending the action at law, McDaniels died. Having been revived upon scire facias against his administratrix, the action was subsequently dismissed on her demurrer and motion.

In addition to defects in pleading claimed by defendant, the other and more vital questions relate to the right to prosecute the action against the personal representative.

In form, it is an action *ex delicto;* one not for the breach of contract, or of any duty or obligation arising out of any contractual relation between the original parties. It seeks recovery of damages by reason of McDaniels' interference with plaintiff's exercise of a right to pursue what he deems a legitimate business, and incidentally with the business itself, resulting from the prosecution of the proceedings in equity.

Except in so far as they are modified by statute, or are repugnant to the nature and character of our institutions, or are rendered inapplicable to the different and varying circumstances of our political system, the doctrines and principles of the common law obtain in the two Virginias. At common law a suit, whether founded on contract or tort, abated by the death of a sole plaintiff or of a sole defendant before trial or verdict, and could proceed no further. If the cause of action was one that would not survive, death terminated the right to prosecute the suit; but if the cause of action was one that could or did survive, plaintiff or his personal representative was obliged to bring a new action against the defendant or his personal representative. Such was the necessary procedure.

The question presented, then, is whether the cause of action

on which plaintiff declared survived against the personal representative of McDaniels, as plaintiff claims, under and by virtue of the concluding clause of §2, ch. 127, Code 1913.

In *Cunningham* v. *Sayre*, 21 W. Va. 440, in speaking of this clause, the court said: "When the legislature used the language that 'if the plaintiff or defendant die pending any action, whether the cause of action would survive at common law or not, the same may be revived and prosecuted to judgment and execution, in the same manner as if it were a cause of action arising out of contract', it is evident it referred to the general common law rule that actions founded on contract survive. It was not the object of the statute to create any new right, and give an action to the heir, devisee or personal representative which he had not at common law; but, where he had a right by suit to accomplish the same object substantially as the ancestor had in view in bringing the suit, that, for convenience it should not abate on the ancestor's death, but might be revived".

In *Curry* v. *Mannington*, 23 W. Va. 14, after stating that "under the common law the rule was that all personal actions died with the person", the court said: "In the case of injuries to the person and not to the property or estate of the decedent, whether by assault, battery, false imprisonment, slander, negligence or otherwise, if either the party who received or he who committed the injury die, the maxim applies rigidly, and no action can be supported either by or against his representative". The question there presented was whether the plea of the one year statute of limitations applied to the action. See also *Lee* v. *Hill*, 87 Va. 497, 24 Am. St. 666.

This clause was discussed by the Supreme Court of the United States in *Martin* v. *Railroad Co.*, 151 U. S. 673, and the conclusion reached that in this state "no action for personal injury can be maintained by the executor or administrator of the person to whom the wrong was done, except for a wrongful act, neglect or default causing death". That was a case instituted in Berkeley county, this state, and removed to a federal court on the petition of the defendant. After reviewing and considering sections 19 and 20 of chapter 85, 5 and 6 of chapter 103; 12 of chapter 104, and the first five

sections of chapter 127, the court in the opinion says: "It would hardly be consistent with the legislative intent, apparent from the objects and the limits of those provisions, to give the. clause relied on the effect of allowing all actions of tort whatever to be prosecuted after the death of the original plaintiff by his personal representative. The reasonable inference is that the clause relied on, like the rest of the chapter, is intended only to prescribe the mode of procedure in actions the cause of which survives either at common law or by virtue of other chapters of the code; and that its whole effect is to avoid the necessity of bringing a new action when the right of action so survives; and not to give a new right of action which did not exist before". See *Rowe* v. *Pulp Co.,* 42 W. V'a. 551. In discussing a similar statute, the court, in *Railroad Co.* v. *Ritchie,* 31 Md. 191, said it was "never intended to prevent the abatement of actions which died with the person".

Plaintiff cites *Henning* v. *Farnsworth,* 41 W. Va. 548, in support of his contention. The question there discussed, however, was whether the action abated by the death of one of several defendants, and not, as in this case, by the death of a sole defendant. See *Means* v. *Barnes,* 78 S. E. (W. Va.) 656.

What is, and what is not, a cause of action personal in nature is frequently determined by the question whether it is or is not assignable, assignability and survivability being convertible terms. If, therefore, the party in whom it exists can not by contract, as by assignment, place it beyond his control, it will not survive. *Selden* v. *Bank,* 239 Ill. 67, 130 Am. St. 180; *Francis* v. *Burnett,* 84 Ky. 23; *Lawrence* v. *Martin,* 22 Cal. 173; 13 Enc. Pl. & Pr. 426; *Blake* v. *Griswold,* 104 N. Y. 613; *Cardington* v. *Fredericks,* 46 Ohio 442; *Comegys* v. *Vane,* 1 Pet. 193, 7 L. Ed. 108; 1 Cyc. 49; *Railroad Co.* v. *Read,* 87 Va. 189. The cause of action in this case is not such as may be assigned. 5 Am. & Eng. Enc. Law & Prac. 890; *Slauson* v. *Schwabacher,* 4 Wash. 783, 31 Am. St. 948; *Nooman* v. *Orton,* 34 Wis. 259; *O'Donnel* v. *Seybert,* 13 Serg. & R. (Pa.) 54. Not being assignable, it does not survive, in view of the authorities cited.

But plaintiff does not rely solely on §2, ch. 127. He also claims the right to maintain the suit by virtue of §20, ch.

85, Code, which provides that "an action of trespass or trespass on the case may be maintained by or against a personal representative for the taking or carrying away of any goods, or for the waste or destruction of or damage to any estate of or by his decedent."

An action for malicious prosecution, or malicious abuse of legal process, is an action for a personal injury, although special loss to business resulting from such wrong may be alleged to aggravate the damages. *Nooman* v. *Orton, supra.* In the opinion in that case, it is stated that "a libel or a slander might deprive a man of employment, destroy his credit, ruin his business, and greatly impair his estate; yet an action therefor would be an action for a personal injury, the effect of the wrong on the estate of the injured party being merely incidental. Such an effect is an element to be considered in assessing damages, but does not and can not change the character of the action". Citing this case as authority, this court, in the opinion in *Porter* v. *Mack,* 50 W. Va. 580, said: "This action, being for consequential and vindictive damages to business and property, is still a mere personal action that does not survive to a personal representative, and therefore is subject to the bar of the statute of limitations relating to personal actions. The damage to estate the legislature had in view (by enacting §20, ch. 85) was the direct damage occasioned by overt or negligent acts in relation to such estate, and not indirect and consequential damage arising out of injury to person or reputation. The action for malicious prosecution is in tort for the injury, not to property, but to the person, and seeks the recovery of consequential and punitive damages". 13 Enc. Pl. & Pr. 426; *Lawrence* v. *Martin, supra; Francis* v. *Burnett, supra; Nettleton* v. *Dinchart,* 5 Cush. 543; 19 Am. & Eng. Enc. Law 650.

The court of Virginia, in *Mumpower* v. *Bristol,* 94 Va..737, which was an action for maliciously and without probable cause suing out an injunction whereby the operation of plaintiff's mill was suspended, held that the damage recoverable under §2655 Va. Code, indentical in language with §20, ch. 85, are direct damages to property, and not those which are merely consequent on the wrongful act to the person only. In the opinion it is said: "It is quite obvious that

this injunction did not operate to take or carry away the goods of the plaintiff, nor cause the waste or destruction of, or inflict any damage upon, the estate of the plaintiff. The damage must be direct, and not the consequential injury or loss to the estate which flows from a wrongful act directly affecting the person only. No part of plaintiff's property was taken or carried away; no part of it was wasted or destroyed; the plaintiff's use of his property, and not the property itself, was affected by the act of which he complains''.

While the authorities are not harmonious in their interpretation of similar statutory provisions, there are authorities other than those cited which hold that the injury for which recovery may be had must be the direct and actual injury to property, and not merely the remote or consequential result of the wrongful act. They do not embrace causes of action for the recovery of any species of personal property or its value, unless as a result of such act the value of the decedent's estate is enhanced or property is acquired which benefits the testator, in which case an action for the property or its value will survive against the executor. But, if it is for an injury by which the offender acquires no gain to himself at the expense of the sufferer, the person injured has only a reparation for the delictum in damages to be assessed by a jury. Cowp. 376; *Stebbins* v. *Palmer,* 1 Pick. 71, 11 Am. Dec. 146; *Vittum* v. *Gilman,* 48 N. Y. 416; *Payne's Appeal,* 65 Conn. 397, 48 Am. St. 215; *Ellington* v. *Bennett,* 56 Ga. 158; *Fox* v. *Hale,* 108 Cal. 478; *Houghton* v. *Butler,* 166 Mass. 547; *Melvin* v. *Evans,* 48 Mo. App. 421; *United States* v. *Daniels,* 6 How. 11, 12 L. Ed. 323.

From the declaration in this action, it does not appear what disposition was made by the receivers of the property, of the asportation of which plaintiff complains. It charges that the receivers ''took, converted and carried away'' the property, whereby plaintiff was deprived of its use and benefit; not that the defendant carried it away or deprived him of such use and benefit. From the averments of the declaration we can infer, only, that the loss of profits, the deprivation of the use of the property, and the expenditure of costs and expenses in defending the chancery litigation, arose inci-

dentally from the prosecution of the chancery cause, and not from such overt act or acts of the defendant as the foregoing authorities hold to be necessary to authorize the recovery of damages against the estate of the decedent.

We are therefore of the opinion that the plaintiff can not invoke the aid of §2, ch. 127, or §20, ch. 85. The rulings of the circuit court upon the demurrer and motion to dismiss were proper. Its judgment should be affirmed. Being of this opinion, we do not deem it necessary to discuss other questions to which counsel invite attention in argument.

*Affirmed.*