# CHARLESTON.

## MIKE KERCHANSKI *v*. LON SMITH *et als.*

Submitted March 6, 1923.    Decided March 13, 1923.

1. LIMITATION OF ACTIONS—*Action of Trespass on Case Held Barred Within One Year.*

   An action of trespass on the case for indirect or consequential damages to plaintiff's property caused by defendant's threats of violence to plaintiff's person, and by reason whereof he was induced through fear for his safety, to flee the country and abandon his property and business, may be barred by the one year statute of limitations, under section 12, chapter 104, Code, since such right of action in case of the death of either the plaintiff or defendants will not survive. (p. 316).

2. SAME—*Instruction to Direct Verdict for Defendant in Action or Trespass on the Case Held Not Erroneous when Shown Barred.*

   Plaintiff fled the country and abandoned his mercantile business and property because defendants had threatened him

with personal violence. When he returned, his goods were gone, his business ruined. In the trial of an action against defendants for damages to plaintiff's business and property caused by such threats, where plaintiff failed to allege and show that defendants directly injured his property by taking or carrying away or wasting it, and the injury to his business was shown to have been done more than one year prior to the bringing of the action, it was not error to instruct the jury to find for defendants, where the one year statute of limitations is pleaded in bar. (p. 316).

Error to Circuit Court, Taylor County.

Action by Mike Kerchanski against Lon Smith and others. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Jed W. Robinson, W. S. Samples* and *J. Guy Allender,* for plaintiff in error.

*Harold W. Houston* and *Charles J. Van Fleet,* for defendants in error.

MEREDITH, JUDGE:

This is an action of trespass on the case brought by plaintiff against twenty-six members of Local Union No. 2999, United Mine Workers of America, for injuries to his person, character, business and property. Defendants filed their plea of Not Guilty and the statute of limitations.

At the conclusion of plaintiff's evidence, the court, upon motion of the defendants, directed a verdict for defendants. Judgment was entered on the verdict and plaintiff assigns error.

The declaration consists of three counts. A demurrer to the first and third counts was overruled, but as to the second count was sustained. While plaintiff, in his petition for a writ of error, complains of the action of the court in sustaining the demurrer to the second count, no such complaint is made in brief of counsel, so we will treat that ground as abandoned. The only real question involved here now is whether, under the evidence, plaintiff's claim was barred by the statute of limitations.

Plaintiff was a member of Local Union No. 2999, United Mine Workers of America, and resided in Wendel, Taylor county for some six or seven years prior to the time of the injuries complained of, and conducted there a poolroom, soft drink establishment and tobacco stand combined; he also did some work at the mines located there. Some time in June, or early in July, 1919, John Yellowchick, and possibly one or two others, defendants, were arrested for violating the prohibition laws, and for some reason, either justly or unjustly, plaintiff was charged with causing their arrest. The defendants arrested on that charge, as well as the other defendants in this case, were all of foreign birth, were accustomed to the use of alcoholic drinks for beverage purposes, and resented interference with their ideas of personal liberty. This charge against the plaintiff, in causing their arrest, created a feeling of hatred against plaintiff, not only in the minds of those arrested on that charge, but also a feeling of hatred among all of the foreign element in Wendel. Accordingly the defendants conspired together to expel him from their local union and boycott his business. A formal charge was made against him in the Local, and on July 10th, 1919, they expelled him from their local union for five years, and resolved that they would not permit him to work with their brother members any longer. A copy of the minutes of the Local, adopted on July 10th, 1919, is as follows:

"July 10, 1919.

"Special meeting called at 7 P M, to transact *Buness* about the Road and Mike Kirtyansky charges made against him.

"Motion made and second to *except* the Road Coms Report. Carried.

"Motion made and second *asst* every member 60c and 30c to be *colected* each Pay for 2 pays for *turney* fees on case about the Roads. carried.

"Motion made by Frank Torch and second by steve Rubish to expel Mike Kirchansky 5 years for *Discramatin* against a fellow workers father more me *sugest* to every member of

*oure* Local to let him work in the mines But me *sugest* that all of *oure* members not to *patronage* him in his *Buness amment* made to this motion. 'motion made by Mike Mashic and second by Nick Radish to expell him from *Houre* Local Union for 5 years and not *leve* him work with our Brothers any longer carried.

"Motion made and second to elect a *tempary treasue* Louis Micklous elected.

"Meeting closed in good order.

"A. Folio Pres          John Billy R. S"

Not content with putting him out of the Local, boycotting his business and forbidding him to work with them, they determined to run him out of Wendel; and in pursuance of their conspiracy some person, not disclosed by the evidence, wrote plaintiff a letter demanding that he leave Wendel, and stating that in case he refused to do so, he and his boy would be killed. Plaintiff had appealed from the action of the local union in suspending him from membership, to the District Union. A hearing was given him at Wendel by the District President on the day before he received the letter demanding that he leave Wendel. Plaintiff was Treasurer of the Local and held in his hands its books, and at the hearing given him by District headquarters he had been ordered to turn over to the other officers of the Local his records as Treasurer. Upon receipt of this threatening letter, plaintiff left Wendel without obeying the orders of the District headquarters to turn over the books; abandoned his personal property, consisting of a store, stock and supplies, which he says were worth $2200.00, and which netted him under normal conditions about $200.00 per month; and also abandoned his book accounts, amounting to about $1300.00. He went to Ohio and seems to have traveled from place to place for some time in search of work, finally finding work at Madison, Illinois. On November 26th, 1919, defendant Armando Folio arrested plaintiff and started to bring him back to Taylor county, West Virginia, at the instance of the defendants, as is alleged in the declaration. Plaintiff was charged with having embezzled funds entrusted to him as Treasurer of the

local union, but there was no warrant for his arrest. He did not resist arrest and transportation back to West Virginia, but requested that he be not taken back to Wendel. While making the trip back he became ill, caused, as he says, by eating some cakes supplied to him by Folio in Parkersburg. His illness became more .violent as the train progressed eastward, causing vomiting; and while in a spasm he was thrown from the train near Clarksburg and one of his legs was cut off. He was taken to a Clarksburg hospital where he remained until January, 1920. His injuries to his person were inflicted on November 27th, 1919. The first concerted action of defendants seems to have been on July 10th, 1919, when he was expelled from the Local. This action was instituted August 20th, 1920.

The first count in the declaration is for the injury to his person. The third count is for injury to his business, though no charge of direct injury to his property is averred. There is no proof that the injury to plaintiff's person was proximately caused by the action of any of the defendants, so that charge may be dismissed at once. That plaintiff was compelled to leave Wendel, thereby causing damage to his business, through the action of defendants, we think is fully sustained by the proofs, but he left his business in July—certainly not later than the 15th—1919, so that more than one year had elapsed between the time of his abandonment of his business and the bringing of this action. The question therefore arises whether the one year statute of limitations or the five year statute of limitations applies. Plaintiff's counsel cite in support of their contention that the five year statute of limitation applies. *Garland* v. *Enos,* 4 Munford, 504; *Thompson* v. *Whitaker Iron Company,* 41 W. Va. 574; 23 S. E. 795; and *Reese* v. *Reese,* 82 W. Va. 598; 96 S. E. 1020. These cases have no application to the present case. The Garland case was a suit for the division and profits of certain slaves in defendant's possession. Defendant had held them adversely for more than five years, hence the five year limitation was a bar. So in the Thompson case. It was alleged that defendant had converted certain iron to its own use.

The claim was barred in five years. In the Reese case it was held that the uninterrupted possession of a personal chattel for more than five years bars a suit to recover it by the former owner. But here there is no allegation or proof of possession or conversion of any of plaintiff's property by defendants. The injury complained of is to his business, not a direct injury to his property.

This case in principle is similar to that of *Woodford* v. *McDaniels*, 73 W. Va. 736, 81 S. E. 544, where plaintiff brought an action of trespass on the case for damages occasioned by defendant's alleged malicious use of judicial process. Defendant McDaniels by bill in equity filed in a federal court had secured the appointment of receivers of certain property under lease by plaintiff, including a hotel, certain goods and bar fixtures. The receivers took possession and thereby destroyed plaintiff's business, causing a 'loss of the use of the personal property, and a consequent loss of profits which would have accrued. Finally the court discharged the receivers and dismissed the bill for want of jurisdiction. Pending the action at law, McDaniels, defendant therein, died. The action was revived against his administratrix, but it was later dismissed on demurrer and this court affirmed the judgment of dismissal, on the ground that the right of action did not survive, as the injury to the plaintiff's business was merely consequential. Therefore the action was a personal action that died with the person.

In *Mumpower* v. *City of Bristol*, 94 Va. 737, 27 S. E. 581, plaintiff sued to recover damages for the malicious suing out of an injunction whereby he was deprived of the use of his mill. The court held this claim was barred in one year, because the injunction did not operate to take away his goods nor cause waste or destruction of or inflict damage upon his estate, and said in its opinion: "The damage must be direct, and not the consequential injury or loss to the estate which flows from a wrongful act directly affecting the person only. No part of plaintiff's property was taken or carried away; no part of it was wasted or destroyed; the plaintiff's use of

the property, and not the property itself, was affected by the act of which he complains.''

So here; it is not claimed that defendants took plaintiff's property or that they wasted or destroyed any of it. They merely put him in fear, in consequence of which he fled, and thereby allowed his property to become wasted or destroyed or lost. But defendants did not waste or destroy it.

The statute relied on by plaintiff (Barnes' Code, 1923, ch. 104, §12) is as follows:

"Every personal action for which no limitation is otherwise prescribed, shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature, that, in case a party die, it can be brought by or against his representative; and if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after."

Clearly, under the authority of *Woodford* v. *McDaniels, supra,* the right of action would not survive to the plaintiff nor against the defendants. Therefore, it is controlled by the last portion of the statute quoted, and plaintiff's action was barred in one year. It therefore follows that the court did not err in directing a verdict for defendants. Accordingly, the judgment is affirmed.

*Affirmed.*