# CHARLESTON.

## H. C. VENCILL v. FLYNN LUMBER COMPANY.

Submitted September 5, 1923.        Decided September 11, 1923.

1. ABATEMENT AND REVIVAL—*Limitation of Actions—Action for Maliciously Suing out Injunction Barred in One Year After Dissolution Thereof; Action for Maliciously Suing Out Injunction Held not to Survive Death of Either Party.*

An action against a defendant for maliciously and without probable cause suing out an injunction against plaintiff, whereby the manufacture and sale of his timber was suspended, is

barred after one year from the dissolution of the injunction. In case of death such cause of action would not survive. (p. 398).

2.  PERSONAL REPPRESENTATIVES—*Damages Recoverable by or Against Personal Representative Held Direct Damages to Property.*

Damages recoverable by or against a personal representative, under Section 20, Chapter 85, Code 1923, are direct damages to property and not those which are merely consequent upon a wrongful act to the person only. (p. 400).

Certified from Circuit Court, Nicholas County.

Action by H. C. Vencill against the Flynn Lumber Company. Defendant demurred to the declaration, which was sustained, and thereupon filed a plea under the statute of limitations, which was admitted. On certified questions.

*Affirmed.*

*Emmett Horan* and *G. G. Duff,* for plaintiff.
*Alderson & Breckinridge,* for defendant.

LITZ, JUDGE:

On July 27th, 1922, in the circuit court of Nicholas county, the plaintiff brought an action of trespass on the case against the defendant for $70,000 damages on account of the alleged wrongful suing out by the defendant against the plaintiff of an injunction whereby the plaintiff was enjoined from cutting, manufacturing and removing timber from 250 acres of land situate on Peters Creek, Nicholas county, West Virginia. The injunction, awarded February 14th, 1920, was dissolved December 23d, 1920.

Plaintiff's declaration contains two counts. The first count charges that the plaintiff was at the time of the awarding of said injunction the owner in fee simple of the 250 acres of land and had previously installed a sawmill nearby for the purpose of manufacturing the merchantable timber therefrom, a large quantity of which he had cut into logs for the purpose; and that by reason of being thus restrained in the prosecution of the business of manufacturing and selling said timber (for ten months) during the pendency of said injunction, he has suffered in deterioration of the sawmill, decay of the saw logs, overhead expense and reduction in the prices of manufactured lumber, the sum of $70,000. The second count makes

similar charges, except as to the ownership of the land. In this count the plaintiff alleges that he was the owner in fee simple of two-thirds undivided of the tract of land, and had a contract in writing to purchase the other one-third from the defendant; but that the defendant had failed to convey the same to plaintiff, although he was at all times ready and willing and had offered to pay to the defendant the purchase price therefor; that notwithstanding the purchase by plaintiff of the defendant's interest in said land, defendant instituted in the circuit court of Nicholas county, February, 1920, a suit in chancery against the plaintiff for the partition of one-third of said land to defendant, and in said suit, February 14th, 1920, obtained the injunction aforesaid, enjoining and restraining plaintiff from further cutting and removing the said timber.

It is not alleged upon what ground the injunction was dissolved, nor whether there has been an adjudication in favor of the plaintiff for defendant's undivided one-third of the land under the alleged contract of purchase.

The defendant demurred to the declaration, and assigned as a ground, among others, that the alleged cause of action is barred by the statute of limitations, the action not having been brought within one year from the accrual of the right to sue. The demurrer being overruled, defendant filed a plea of the statute of limitations, averring that the alleged cause of action had been barred by the statute requiring the institution of suit within one year from its accrual. The court, over plaintiffs' objection, admitted the plea and held that the right of action set forth in the declaration was governed by the one year statute of limitations. The case is certified here, by the court's motion, upon these rulings.

Under Section 12, Chapter 104 (Barnes' 1923) Code:

> "Every personal action for which no limitation is otherwise prescribed shall be brought within five years next after the right to bring the same shall have accrued, if it be for a matter of such nature that, in case a party die, it can be brought by or against his representative; and if it be for a matter not of such nature, shall be brought within one year next after the right to bring the same shall have accrued, and not after."
>
> 94 W. Va.

The nature of claims that survive to or against a personal representative are described in Section 20, Chapter 85, Code, as follows:

> "An action of trespass or trespass on the case may be maintained by or against a personal representative for the taking or carrying away, of any goods, or for the waste or destruction of or damage to, any estate of or by his decedent."

It is therefore a question as to whether the one year or the five years' provision of the statute applies. We are of opinion that the circuit court was right in admitting the defendant's plea, and holding that the one year provision of the statute governs. .

The cases of *Woodford* v. *McDaniels*, 73 W. Va. 736, 81 S. E. 544, 52 L. R. A. (N. S.) 1215, and *Mumpower* v. *City of Bristol*, 94 Va. 737, 27 S. E. 581, serve as sufficient authority. Both are relied on in the recent case of *Kerchanski* v. *Smith*, 93 W. Va. 310, 116 S. E. 528: The first, which cites the second with approval, was an action of trespass on the case for damages resulting from defendant's alleged malicious use of process, in securing by bill in a Federal court the appointment of receivers who took into their possession, management and control, a hotel and bar room, under lease by the plaintiff, and certain personal property used by him in the operation thereof; whereby the plaintiff was deprived of the use of the property and prospective profits in his business, besides suffering other damages. The defendant, having died pending the action, which had been brought upon the discharge of the receivers and dismissal of the bill for want of jurisdiction, the case was revived against his administratrix. This Court affirmed the ruling of the lower court, sustaining her demurrer and motion to dismiss on the ground the suit involved a personal action that did not survive.

The Virginia case was an action for the wrongful suing out of an injunction whereby the operation of plaintiff's mill was suspended. It was there held that the damages recoverable under the Virginia statute, identical in language with said Section 20, Chapter 85 of our Code, are *direct* damages to

property, and not those which are merely consequent on the wrongful act to the person only.

The damages to the plaintiff here complained of, as in that case, did not result directly from the overt act of defendant, as contemplated by Section 20, Chapter 85, but were merely incident to the alleged wrongful injunction operating on the person of the plaintiff. The right of action would not, therefore, survive to or against the personal representative, and, under Section 12, Chapter 104, suit must have been brought within one year from the dissolution of the injunction.

Reason was stronger in *Woodford* v. *McDaniels* than in the case at bar why the damage to plaintiff's property should be considered as having resulted directly from the overt act of defendant, and the right of action therefor should survive. The plaintiff in that case was not only deprived of the use of his property but wrongfully compelled to surrender its possession, management and control to others.

We also approve the action of the court in overruling the demurrer to the declaration. It is true that where the facts sufficiently appear upon the face of the pleading the statute of limitations may be raised by demurrer, *Crawford* v. *Turner*, 67 W. Va. 564, 68 S. E. 179; but it does not appear here except from the process that suit was delayed beyong the statutory period, and oyer of the process was not craved in order to its being considered on the demurrer. *Lambert* v. *Ensign Manufacturing Co.*, 42 W. Va. 813.

*Affirmed.*