## CHARLESTON.

CHARLES E. MYLIUS v. THOMAS J. ARNOLD

(No. C. C. 316)

Submitted September 9, 1924.   Decided June 9, 1925.

1.  LIMITATION OF ACTIONS—*Five Year Statute of Limitations
    Held to Apply to Action for Fraud and Deceit in Inducing
    Person to Part with Property.*

    Where one practices upon another fraud and deceit induc-
    ing the latter to part with his property, a direct injury is
    done to property, and the statute of limitations in reference
    to actions for injuries to property applies.   In such case
    an action may be brought under Section 12, Chapter 104,
    Code, within five years next after the right to bring the
    same shall have accrued.   (p. 343).

    (Limitations of Actions, 37 C. J. § 117).

2.  ABATEMENT AND REVIVAL—*Person Suing in Chancery Within
    Period of Limitation, on Claim, Cognizable Only at Law,
    May, Before Dismissal for Want of Jurisdiction, Bring
    Action at Law.*

    Plaintiff having instituted a suit in chancery within the
    period of limitation on a claim cognizable only at law, may,  ·
    under Section 19, Chapter 104, Code, before dismissal thereof
    for want of jurisdiction, bring an action at law in anticipa-
    tion of such ruling.   (p. 344).

    (Abatement and Revival, 1 C. J. § 59 [Anno]).

    (Note:  Parenthetical references by Editors, C. J.—Cyc.   Not
           part of syllabi.)

Appeal from Circuit Court, Randolph County.

Action by Charles E. Mylius against Thomas J. Arnold.
From a judgment sustaining the pleas setting up the statute
of limitations, and refusing to permit the amended declara-
tion to be filed, plaintiff appeals.

*Modified and affirmed.*

*W. B. & E. L. Maxwell,* for appellant.

*Spears & Irons, Arnold & O'Connor,* and *C. O. Streiby,*
for appellee.

LITZ, JUDGE:

This is an action of trespass on the case, instituted June
1, 1914, and involving the same facts alleged in the chan-

cery cause of *Mylius* v. *Arnold et al.,* decided contemporaneously herewith.

The original declaration, filed at August rules, 1914, avers that the plaintiff is, and has been since prior to 1904, the owner of an undivided one-half of Lot 21 and portions of Lots 14 and 15 of the Phillips and Law 19,000 acres survey of land situated in Randolph County; that a contract in writing was executed by the plaintiff and defendant in 1904 providing that if the boundary lines to Lots 14, 15, 21 and 22 of said survey, then in dispute between plaintiff and defendant, should be located as the plaintiff contended, the defendant, who also owned lands affected by the controversy, would release to the plaintiff the lands falling to him in accordance with such location, and that if the lines in question should be located, as contended by defendant, then plaintiff would likewise release to defendant accordingly.

That in the year 1906 the defendant, by two deeds, conveyed to Jacob Koontz, E. F. Phillips and John Stamm a tract of 411.8 acres of land and an undivided one-half of 421 acres and 228 acres, the boundaries whereof, according to a survey made at the instance of the defendant pursuant to the said conveyances, embraced and included large portions of Lot 21 and of the lands of plaintiff within Lots 14 and 15; that being informed of the purpose of the grantees Koontz, Phillips and Stamm immediately to cut and remove timber from portions of Lots 14, 15 and 21, as being within the lands conveyed by said deeds, the plaintiff gave notice requiring that they desist from such action; that soon thereafter the defendant fraudulently represented to plaintiff that the said conveyances did not embrace any of Lots 14, 15 or 21, and ''verbally agreed with plaintiff that if by any accident or mistake said deeds, or any of them, to said Koontz, Phillips and Stamm in fact covered any part of plaintiff's said land or interest in land, that he would pay to the plaintiff the purchase money which he had received therefor so far as the same was in conflict with the plaintiff's title to said land; and the plaintiff being willing, for the purpose of preserving peace, to adjust said matter upon said basis, then

and there agreed with said defendant that the matter should be so adjusted and both plaintiff and defendant then and there so informed John Stamm," representative of Koontz, Phillips and Stamm and advised him that he and his associates might proceed with their timber operations; that plaintiff did not know until sometime later of the survey which had been made at the instance of defendant, pursuant to the deeds, or that it included lands owned by him; that having learned these facts after large quantities of timber had been cut and removed by Koontz, Phillips and Stamm, from his lands within the lines of said survey, plaintiff obtained an injunction in the circuit court enjoining Koontz, Phillips and Stamm from further cutting or removing the said timber pending an action in ejectment he had instituted against them to settle the disputed boundaries; that on appeal to this court the order of injunction was dissolved and the suit dismissed on the ground that plaintiff was estopped by his previous consent to the action of Koontz, Phillips and Stamm sought to be enjoined. *Mylius* v. *Koontz et al.,* 69 W. Va. 629.

The basis of recovery is alleged fraudulent representation on the part of defendant to the effect that the deeds to Koontz, Phillips and Stamm did not include or embrace any of the lands claimed by the plaintiff, whereby the plaintiff was induced to permit the cutting and removal of the timber from the lands so conveyed, resulting in the estoppel against him in favor of Koontz, Phillips and Stamm.

The defendant filed two pleas of the statute of limitations to the declaration. The first is predicated upon that part of section 12, chapter 104, Code, fixing one year within which to bring suit for a matter of such nature that in case a party die it can not be brought by or against his personal representative. We do not think the one year limitation is applicable. It is true that the cases of *Woodford* v. *McDaniel,* 73 W. Va. 736, *Kerchanski* v. *Smith et al.,* 93 W. Va. 310, 116 S. E. 528, *Vincell* v. *Flynn Lumber Co.,* 94 W. Va. 396, 119 S. E. 164, and *Mumpower* v. *City of Bristol,* 94 Va. 737, involving a similar statute, hold that the one year limitation applies to actions for indirect damages.

to property consequent upon the wrongful act to the person only; but the declaration in this case charges a direct injury to property. The provision of said section 12, chapter 104, prescribing a limitation of five years for suit involving a matter of such nature that, in case a party die, it may be brought by or against his representative, should therefore apply.. Where one practices upon another fraud and deceit whereby the latter is induced to part with his property, an injury is done to property and not to the person, and the statute of limitations in reference to actions for injuries to property applies. 17 R. .C. L. 735; *Crawford* v. *Crawford,* 134 Ga. 144, 67 S. E. 673, 19 Ann. Cas. 932; 28 L. R. A. N. S. 353 (note).

To the second plea of defendant, setting up the limitation of five years in bar of the action, the plaintiff filed a special replication setting forth the written contract of 1904, which provides for the settlement of the boundary lines to Lots 14, 15, 21 and 22 of the Phillips and Law Survey, in accordance with the decision of two suits then pending involving a similar controversy, one of which had been instituted by the plaintiff against Raine-Andrews Lumber Company and the other by the defendant Thomas J. Arnold against the same company; and averring that the contention of plaintiff respecting the disputed boundary lines has been finally established in his suit against the Raine-Andrews Lumber Company by decision of this court, but that the suit of defendant against said company remained on the docket of the trial court from March, 1903, until May, 1922, when it was dismissed for failure to prosecute. The special replication avers also that in February, 1909, Elizabeth E. Arnold and others instituted a suit in chancery against this plaintiff and others for. the partition of said Lot 21, and that at October rules, 1910, plaintiff filed his cross-bill therein against Thomas J. Arnold and others, for the recovery of the damages here sought, which suit is still pending; but that his right to recover in said cause was denied by order therein of July 3, 1923. The order was entered pursuant to the decision of this court pronounced in the case February 8, 1921 (87 W. Va. 727),

holding that, "In a suit for partition of a tract of land, a
court of equity has no jurisdiction of a demand by one
cotenant for an accounting for land and timber sold by
another, within territory in dispute by reason of conflicting
claims as to locations of boundary lines, based upon strange
and hostile titles".

The circuit court held that the limitation of five years
governed and that the cross-bill filed by the plaintiff in the
partition suit within the period of limitation suspended the
operation of the statute, enabling the plaintiff, under section
19, chapter 104, Code, to institute this action even before a
disposition of the cross-bill. It appearing, however, that the
cross-bill sought recovery with reference only to Lot 21, the
plea, except as to the alleged damage to Lot 21, was sustained,
the action not having been brought within five years from
the discovery of the alleged fraud by the plaintiff, as shown
in the declaration.

The plaintiff then tendered an amended declaration recit-
ing the written contract of 1904, and charging that the execu-
tion by the defendant of the deeds to Koontz, Phillips and
Stamm constituted a breach thereof and a fraud upon the
plaintiff. This pleading, which also repeats the charges of the
original declaration, was rejected as setting forth a cause of
action based upon contract and therefore improper in
an action for tort. We are of opinion, however, to treat it
as a pleading in tort and proper to be filed in the case. A
declaration will be treated as partaking of the nature of the
action, so that if the action is *ex delicto* the pleading will be
intended as *ex delicto* also, unless there be something in its
form and structure which plainly forbids such intendment.
*Ferrill* v. *Brewis' Admr.*, 25 Gratt. 765; *Hill* v. *Ansted Na-
tional Bank*, 95 W. Va. 649, 123 S. E. 417; *Chambers* v.
*Spruce Lighting Co.*, 81 W. Va. 714. But treating the
amended declaration as a pleading in tort, its charge that
the alleged fraudulent acts of the defendant constituted a
breach of the written contract, will not change the period
of limitation to be applied to the action. "An action on the
case for fraud committed by a breach of a written contract

is not governed by the statute of limitations providing that
actions upon written contracts shall be commenced within ten
years; but in the absence of a statute especially applicable
to actions for fraud and deceit, is governed by the five year
statute applicable to all civil actions not otherwise provided
for.'' *Bates* v. *Bates Machine Co.*, 230 Ill. 619. ''If the
plaintiff elects to base his action on fraud committed against
him, the limitation applicable to such an action will govern,
though he might have had the benefit of a longer period by
suing otherwise.'' 19 Am. & Eng. Enc. Law, 247.

Secton 19, chapter 104, Code, authorizing the institution
of a new suit where one has been brought within the statu-
tory period, provides:

> ''If any action commenced within due time, in
> the name of or against one or more plaintiffs or
> defendants, abate as to one of them by the return
> of no inhabitant, or by his or her death or mar-
> riage, or if, in an action commenced within due
> time, judgment (or other and further proceed-
> ings) for the plaintiffs should be arrested or re-
> versed, on a ground which does not preclude a new
> action for the same cause, or if there be occasion to
> bring a new suit by reason of the said cause
> having been dismissed for want of security for
> costs, or by reason of any other cause, which could
> not be plead in bar of an action, of the loss or
> destruction of any of the papers or records in a
> former suit which was in due time; in every such
> case, notwithstanding the expiration of the time
> within which a new action or suit must otherwise
> have been brought, the same may be brought
> within one year after such abatement, dismissal
> or other cause, or after such arrest or reversal
> of judgment, or such loss or destruction but not
> after.''

The defendant questions the right of plaintiff to institute
a new suit under the act prior to a disposition of the first
cause. The cases of *Torbert* v. *Wilson*, 1 S. & P. (Ala.) 200,
and *Land Co.* v. *Quinn*, 172 Mo. 563, 73 S. W. 84, are cited
in support of the contention. The first case, holding that a
second suit could not be instituted until after the former
had been disposed of, construed and applied an act ''for the

limitation of actions and avoiding vexatious law suits'', providing: ''If in any of the said actions specified in any of the preceding sections of this act, judgment be given for the plaintiff, and the same be reversed by writ of error, or if a verdict passed for the plaintiff, and upon matter alleged in arrest of judgment, the judgment be given against the plaintiff, then the said plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment, reversed or given against the plaintiff, and not after''. The second case involved the application of a statute providing that:

> ''If any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed; and if the cause of action survive or descend to his heirs, or survive to his executors or administrators, they may, in like manner, commence a new action within the time herein allowed to such plaintiff, or, if no executor or administrator be qualified, then within one year after letters testamentary or of administration shall have been granted to him''.

It was held that the statute as to non-suits applies to the bringing of suits after non-suit is suffered, and not before. However, the opinion quotes with approval the case of *Briant* v. *Fudge,* 63 Mo. 489, as follows:

> ''The plaintiff, before the bringing of the present action, was thus explicitly notified by this motion, of such an irregularity in the former judgment as made it necessarily voidable, and in anticipating the action which was finally taken by the court in sustaining it, and vacating the judgment and bringing another suit before the determination of the motion, may be considered as having admitted that the motion was well founded, and as having abandoned all rights that might accrue to him under the judgment''.

It will be observed that neither of the statutes involved in the foregoing cases was nearly so comprehensive and far reaching as the one under consideration, as neither apparently contemplated a contingency for the bringing of a new suit except the disposition of the former; but notwithstanding this situation, the Missouri court held in the Briant case that the plaintiff might, in anticipation of the action of the court in the first suit, institute a new cause.

Our statute provides not only for the institution of a new suit in cases where the former cause has been disposed of on a ground which does not preclude a new action for the same cause; but also in any case *where there is occasion to bring a new suit by reason of any other cause.* We conclude, therefore, that the lack of jurisdiction for the filing of the cross-bill in the partition suit being apparent, the plaintiff, in anticipation of the court's action thereon, was entitled to institute his action at law before final disposition thereof.

It may be that the plaintiff has a remedy on the contracts set up by suit instituted within five years from the settlement of the disputed boundaries under the written contract of 1904, which became final, as plaintiff claims, upon the dismissal of the action brought by the defendant Thomas J. Arnold against Raine-Andrews Lumber Company. However, as to this matter, which is not here involved, we express no opinion.

We affirm the rulings of the circuit court on the pleas of the defendant; but reverse its action in refusing to permit the filing of the amended declaration.

*Modified and affirmed.*