PAPPAS, ET AL., RESPONDENTS, v. BRAITHWAITE, ET AL., APPELLANTS.

No. 8505

Submitted June 7, 1945. Decided June 28, 1945.

162 Pac. (2d) 212

570

Mr. W. W. Mercer, of Roundup, and Mr. Ralph J. Anderson, of Helena, for appellants.

Mr. G. J. Jeffries, of Roundup, for respondents.

MR. JUSTICE ADAIR, delivered the opinion of the court.

This is an appeal from a judgment for plaintiffs.

From August 15, 1933, to January 12, 1939, the defendants R. E. Braithwaite and R. L. Jens, co-partners, conducted a pool hall in a business block in Roundup, Montana, under an oral lease agreement on a month-to-month basis, with plaintiffs Thomas G. Pappas and Thomas V. Loucas, co-partners, being owners of the building, the defendants occupying the first floor and basement of the property and paying therefor a monthly rental of $75 to July 1, 1937, and $100 per month thereafter. The property had previously been occupied by a furniture store and a wooden balcony had been constructed in the storeroom to accommodate the display of furniture. During the occupancy of the premises by defendants the latter, at a cost of about $400, caused the balcony to be removed and, by means of certain struc-

tures, partitions and doors, constructed a series of card rooms at the back of the storeroom. On January 12, 1939 the defendant vacated the said storeroom and premises leaving therein the improvements which defendants had made.

On March 7, 1940, the plaintiffs commenced this suit against defendants to recover damages for the removal of the balcony, setting forth three separate causes of action which they term "counts." The first cause was to recover $450 damages on the theory of injuries to real property for waste committed thereon in the removal of the balcony. The second cause was to recover $450 damages on the theory of conversion of personal property for the removal of the material of which the balcony had been constructed. The third cause was to recover $450 on the theory of quantum meruit for the reasonable value of the materials taken or destroyed in removing the balcony. Thus each cause in the complaint is to recover the sum of $450 for the removal of the balcony and the material of which it was constructed. Defendants' demurrer to each cause of action was overruled and defendants then separately answered each cause. The answer consisted of admissions and denial and also two affirmative defenses. The second affirmative defense pleaded to each cause was the statute of limitations.

A trial was had before the court and a jury. At the beginning of the trial, on motion of defendants, the plaintiffs were required to elect on which cause or "count" they would proceed and they elected to proceed upon the first "count" seeking damages on the theory of injury to real property in the nature of waste.

In paragraph IV of the first cause of action plaintiffs allege:

"That on or about the 15th day of January, 1939, said Defendants vacated said premises and surrendered possession thereof; that prior thereto, viz.: the latter part of June, 1938, as Plaintiffs are informed and believe and allege the facts so to be, and while so occupying said premises as tenants thereof as aforesaid, said Defendants committed great waste in and on the same, in that Defendants wrongfully tore out, destroyed and

removed therefrom certain parts thereof, consisting of a large balcony, the stairway leading from the main floor of said building thereto, together with the partitions, railings and fixtures in and on said stairway and said balcony, and that Defendants thereby greatly injured said building and said premises, all to Plaintiffs damage in the sum of Four hundred fifty ($450) Dollars.''

It will be observed that plaintiffs allege that the balcony was removed ''the latter part of June, 1938,'' and the sole witness for plaintiffs to establish the time alleged was the plaintiff Thomas V. Loucas, who testified that he knew the removal occurred during the tenancy of defendants. As to this there is no question for such fact stands admitted in the answer, but as to the *date* when removal took place the witness was most indefinite and he frankly admitted that the correct date may have been January 8, 1938 as alleged in the answer. On cross-examination the witness Loucas testified:

''Q. And you know when this balcony was torn out, don't you? A. Well, not the exact date.

''Q. Why don't you know? A. How could I know? * * *

''Q. And do you mean to tell me at this time that you don't know when that balcony was torn out of there? A. Well, about but not exactly. I know it was torn out of there.

''Q. All right. Tell us about when it was torn out? A. Between January 1 and June sometime, in '37; in '38. * * *

''Q. All right. Do you know when that balcony was torn out? A. Well, some time from January 1 to June sometime.

''Q. You know that we say in our answer, that it was January 8, 1938, don't you? A. Well, maybe.

''Q. January 8, 1938? A. Well, maybe it was.

''Q. You admit that maybe it was torn out in January of 1938? A. Yes.

''Q. And you don't know? A. I do not.''

The defendant R. E. Braithwaite testified that the work of removing the balcony commenced on January 8, 1938; that it was completed three or four days later and that the work on the

improvements in building the card rooms consumed twenty to twenty-five days.

The defendant R. L. Jens testified the balcony was removed in January, 1938.

The witness Fred Sabins testified that he assisted in the work of removing the balcony; that he started such work on January 8, 1938, and that he worked on the job 28 hours including overtime. There was received in evidence a bank check dated Jan. 21, 1938, drawn by the defendant R. E. Braithwaite on the Miners and Merchants Bank of Roundup, payable to the order of the witness Sabins and by him endorsed. Both the witness Sabins and the defendant Braithwaite testified that such bank check was given and paid to Sabins for his three days' work in assisting to remove the balcony. In connection with his examination concerning the check Fred Sabins testified:

"Q. You observe the date on there, January 21, 1938? A. That's right.

"Q. Now, Mr. Sabins, after you had worked 28 hours, tell the jury whether or not the business of removing and tearing out that balcony was completed. A. As far as tearing out the balcony was concerned it was, yes."

At the close of the evidence and after both sides had rested the defendants moved for a directed verdict urging, among other grounds, that it appeared from the evidence that the cause of action was barred by the provisions of subdivision 2 of section 9033, Revised Codes of 1935, being a statute of limitations. The trial court denied the motion for a directed verdict and the cause was submitted to the jury, resulting in a verdict of $225.00 in favor of plaintiffs. The defendants assign error in denying the motion for a directed verdict and in making and entering the judgment for plaintiffs.

The statute (section 9033) requires that an action for injury to or for waste or trespass on real or personal property must be commenced within two years, excepting for waste or trespass committed by reason of underground work on mining claims.

Here plaintiffs introduced no proof whatever tending to con-

tradict or refute the evidence of defendants that the work of removing the balcony was begun on January 8, 1938, and completed three or four days thereafter. Since plaintiffs did not bring their action until March 7, 1940, the two-year statute of limitations had already run against the cause before suit was filed.

While plaintiffs concede that the testimony of their only witness, Loucas, was "somewhat indefinite," yet they contend that the testimony of the witnesses for defendants in support of the affirmative defenses is so inherently improbable and manifestly incredible that the jury was justified in disbelieving it, citing and relying upon Roman v. Albert, 81 Mont. 393, 264 Pac. 115; Simons v. Jennings, 100 Mont. 55, 46 Pac. (2d) 704; Cohen v. Clark, 44 Mont. 151, 119 Pac. 775. We find nothing improbable or incredible in the testimony of the witnesses and the cases cited by plaintiff are not authority for disregarding the undisputed definite testimony of the three witnesses for defendants who testified the balcony was removed in January, 1938, especially when such testimony is supported by that of plaintiffs' sole witness, Loucas, who testified "Well, maybe it was."

Plaintiffs concede that a motion for nonsuit lies where it appears from plaintiffs' case that the cause is barred by the statute of limitations, but contend that a different rule obtains where the question is presented on a motion for a directed verdict. Such contention is without merit. Where the defendant has pleaded the statute if limitations the court may dismiss a suit when, as a matter of law, it cannot be maintained because not brought within the proper time under the applicable statute. 37 C. J., title Limitation of Actions, sec. 790, p. 1257. Where defendant has pleaded the statute and plaintiff's evidence shows his action is barred by limitations, it is proper to grant a nonsuit (City of Butte v. Goodwin, 47 Mont. 155, 134 Pac. 670, Ann. Cas. 1914C, 1012; Stagg v. Stagg, 90 Mont. 180, 300 Pac. 539), and where, as here, at the close of all the evidence in the case it appears that the action is barred by the statute it is proper to direct a verdict for defendant. 34 Am. Jur., title

Limitation of Actions, sec. 454, p. 357; 37 C. J., title Limitation of Actions, sec. 790, p. 1257; Curran v. Witter, 68 Wis. 16, 31 N. W. 705, 60 Am. Rep. 827; Proctor v. Wells Bros. Co., 181 Ill. App. 468; Harrison v. St. Louis Union Trust Co., Tex. Civ. App., 147 S. W. 875; Kerchanski v. Smith, 93 W. Va. 310, 116 S. E. 528.

"Inasmuch as statutes of limitation are now generally regarded with favor by the courts, it is the consensus of the authorities that the defense of the statute of limitations stands upon the same plane as any other legal defense, and is one to which, in proper circumstances, all men are entitled as a right. The defense is not technical, but is deemed to be legitimate, substantial and meritorious." 34 Am. Jur., title Limitation of Actions, sec. 12, pp. 22, 23.

Plaintiffs urge, as a cross-assignment of error, that the trial court erred in sustaining defendants' motion, made at the commencement of the trial, requiring plaintiffs to elect upon which cause of action they would rely. The motion to elect was addressed to the sound legal discretion of the trial court (Sharp v. Sharp, 66 Mont. 438, 213 Pac. 799), and to obtain a review of the court's ruling thereon plaintiffs were required to perfect a cross-appeal. In re Silver's Estate, 98 Mont. 141, 38 Pac. (2d) 277; Stranahan v. Independent Natural Gas Co., 98 Mont. 597, 41 Pac. (2d) 39. A review of the ruling may not be had upon mere cross-assignments made pursuant to section 9751, Revised Codes of Montana 1935.

From the beginning of the tenancy in August 1933 to July 1, 1937, defendants paid a monthly rental of $75 for the premises. The plaintiff Loucas testified that in June 1937 he orally entered into a lease agreement with defendants for "a lease for $100 a month for three years" commencing on July 1, 1937. In their answer defendants alleged that they occupied the premises "from August 15, 1933 to January 12, 1939, under an oral agreement and under a month-to-month tenancy" and alleged that the balcony was removed by defendants at their own expense after first consulting plaintiffs and after the latter had agreed and

consented to such removal which was accomplished with no damage or injury whatever to the building. On rebuttal the plaintiff Loucas, without objection, testified that defendants had agreed to restore the balcony at the expiration of the lease. Plaintiffs contend that under such circumstances their pleadings would be deemed amended to conform to the proof and that under such pleadings as so amended the defendants were not obligated to restore the balcony until the expiration or surrender of the alleged lease, and that the statute of limitations would begin to run only after the obligation to restore accrued.

In their brief herein plaintiffs state that they pleaded their cause of action in three counts based upon (1) waste, (2) conversion, and (3) quantum meruit and that, "All three counts sought recovery for the loss and destruction of the balcony, stairway leading to same, partitions, railings and fixtures."

An action sounding in tort may not properly be consolidated with one sounding in contract (St. George v. Boucher, 84 Mont. 158, 274 Pac. 489), but plaintiffs, after electing to proceed in the trial court on the tort action for waste, now contend on this appeal that they are entitled to recover for a breach of contract to restore the property to same condition in which it was at the beginning of their tenancy.

Instructions numbered 1 and 5-A given by the court to the jury without objection show that the cause was tried and submitted as a tort action for injury to or waste on real property. In its instruction No. 1 the court stated: "In this cause the plaintiffs are suing the defendants for damages alleged to have been caused to a certain building * * * that the defendants at the time of the alleged damage to the building were the tenants and occupants of said building; * * *. The defendants have also pleaded the statute of limitations, that is that the action was brought more than two years after the alleged damage occurred. * * *"

In its Instruction 5-A the court instructed the jury as to the statute of limitation (section 9033, subdiv. 2) applicable to an

action for injury to or for waste on real property, such instruction reading:

"The defendants herein have by answer pleaded that this action is barred by the statute of limitations, that is that the action was not brought within two years after the action accrued, or within two years after the alleged damage was done. This allegation is denied by the reply.

"It is admitted that the complaint herein was filed on the 7th day of March, 1940.

"The period prescribed for the commencement of actions other than the recovery of real property are as follows: Within two years: an action for injury to or for waste or trespass upon real or personal property."

Thus did the trial court with the acquiescence of plaintiffs in effect advise the jury that the action was to recover damages for injury to or for waste on real property and that the two-year statute (sec. 9033, subdiv. 2, Revised Codes) governs. Under the theory on which the jury was instructed the injury was done and the waste complete at the very moment the balcony was removed. It was at the time of the removal that the cause of action accrued and the statute of limitations commenced to run. 34 Am. Jur., title Limitation of Actions, sec. 131, p. 106; National Copper Co. v. Minnesota Mining Co., 57 Mich. 83, 23 N. W. 781, 50 Am. Rep. 333. By their failure to object to instructions numbered 1 and 5-A in the trial court, plaintiffs assented to the rules of law therein announced and on appeal to this court they will not be heard to urge a theory in conflict therewith. Wallace v. Weaver, 47 Mont. 437, 133 Pac. 1099. The theory upon which the case was tried in the district court with the acquiescence of the parties is binding upon them here. Gay v. Lavina State Bank, 61 Mont. 449, 202 Pac. 753, 18 A. L. R. 1204; Blinn v. Hutterische Society of Wolf Creek, 58 Mont. 542, 194 Pac. 140; Hoskins v. Scottish Union & Nat. Ins. Co., 59 Mont. 50, 195 Pac. 837.

The defendants herein pleaded the statute of limitations applicable to actions for damages for injury to or for waste

on real property and, the undisputed evidence disclosing that the action was not commenced within the two years prescribed by subdivision 2 of section 9033, Revised Codes, the trial court erred in denying defendants' motion for a directed verdict and in entering judgment in favor of plaintiffs.

The judgment is reversed and the cause remanded with directions to dismiss.

Mr. Chief Justice Johnson, and Associate Justices Morris, Cheadle, and Angstman, concur.

Rehearing denied October 10th, 1945.