No. 85-23

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

DANIEL BREESE and CHRISTINE M.
BREESE,

        Plaintiffs and Respondents,

  -vs-

STEEL MOUNTAIN ENTERPRISES, INC.,
a Montana corporation, BRYAN K.
STAHLBERG and ELAINE E. STAHLBERG,
Husband and Wife, d/b/a THE SPORTSMAN
BAR AND CAFE,

        Defendants and Appellants.

---

APPEAL FROM:  District Court of the Eleventh Judicial District,
                 In and for the County of Flathead,
                 The Honorable Michael Keedy, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Murray, Kaufman, Vidal & Gordon; Daniel W. Hileman
        argued, Kalispell, Montana

    For Respondent:

        Keller & German; Brenda Nordlund and Ann German
        argued, Kalispell, Montana

---

               Submitted: January 16, 1986

                 Decided: April 1, 1986

APR 1 - 1986

Filed:

_____
               Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Christine Breese and Daniel Breese (plaintiffs), wife and husband, filed separate employment discrimination actions in Flathead County District Court alleging violations of the Montana Human Rights Act (Act). The cases were consolidated and tried to a six-person jury which rendered a verdict in favor of Steele Mountain Enterprises, Inc. (Steele Mountain). Judgment was entered for Steele Mountain. Plaintiffs moved for a new trial, claiming that the relief sought under the Act was equitable in nature and the case should have been tried to a judge rather than a jury. The District Court granted a new trial. Steele Mountain appeals. We reverse.

We conclude that the following two issues are determinative:

1. Did the District Court err in granting plaintiffs' motion for a new trial?

2. Did the District Court err in denying defendants' motion for attorney fees?

Christine Breese began working at The Sportsman Bar and Cafe in July 1981. Daniel Breese began working at The Sportsman Bar and Cafe on November 1, 1981. Christine worked various jobs including waitress, dishwasher, and cook. Daniel worked as a janitor. Both Daniel and Christine were fired from The Sportsman Bar and Cafe on November 18, 1981.

Christine Breese contends she was fired for being pregnant. Daniel Breese maintains he was fired for being the husband of Christine Breese. Steele Mountain contends they were fired for poor job performance and taking food from the restaurant without permission.

In November 1983, plaintiffs filed separate employment discrimination complaints against Steele Mountain and Bryan Stahlberg and Elaine Stahlberg d/b/a The Sportsman Bar and

2

Cafe. Initially, no demand was made for jury trial. In May 1984, citing Rule 39(b) M.R.Civ.P., Steele Mountain moved for trial by jury. The motion was granted, and the matter tried to a six-person jury which rendered a verdict in favor of Steele Mountain.

After judgment was entered and notice of entry of judgment mailed, plaintiffs moved for a new trial. Later, Steele Mountain moved for an award of attorney fees. The District Court granted plaintiffs' motion for a new trial and denied Steele Mountain's motion for an award of attorney fees.

I

Did the District Court err in granting plaintiffs' motion for a new trial?

Following jury trial, plaintiffs moved for a new trial. First, they contended the court abused its discretion in granting a late request for a jury trial. Second, they argued an action filed under the Act is equitable in nature and requires trial to a judge rather than a jury.

The District Court granted plaintiffs' motion for a new trial, ruling in pertinent part:

> An action brought under title 49, chapter 2 is equitable in nature, and is akin to an action brought under Title VII of the Federal Civil Rights Act of 1964. Because of the equitable nature of the action, there is no right to a trial by jury in a federal Title VII suit.
>
> It was error to allow a jury trial in this matter, and the error has substantially prejudiced the Plaintiffs' case. Plaintiffs' motion for a new, non-jury trial is GRANTED (citations omitted).

Plaintiffs contend that the only damages sought were back pay and reinstatement. By analogy to Title VII, plaintiffs maintain these damages are by nature equitable and properly tried to the court rather than a jury. Plaintiffs urge the Court to find a violation of the Act to be a purely

3

equitable claim. Steele Mountain contends that plaintiffs sought other damages that were of a legal nature besides reinstatement and back pay.

The record discloses that plaintiffs submitted evidence of damages other than reinstatement and back pay. Under Instruction 6, the measure of damages was "the amount which will compensate for all the detriment proximately caused thereby . . . whether it could have been anticipated or not." Likewise, Instructions 10 and 11 provided that if the jury found plaintiffs were terminated unlawfully, or that the defendants engaged in discriminatory practices as alleged, then the jury could award damages in a sum "which would rectify any harm, pecuniary or otherwise. . ." The Court has held that the law of the case is established by the jury instructions:

> [B]y their failure to object to instructions . . . in the trial court, plaintiffs assented to the rules of law therein announced and on appeal to this court they will not be heard to urge a theory in conflict therewith. Wallace v. Weaver, 47 Mont. 437, 133 P. 1099. The theory upon which the case was tried in the district court with the acquienscence of the parties is binding upon them here.

Pappas v. Braithwaite (1945), 117 Mont. 569, 577, 162 P.2d 212, 215. In closing argument which followed the above described law of the case, plaintiffs' counsel pointed out that the plaintiffs lost their car and suffered anxiety and emotional stress from which the jury could award an adequate figure to compensate the plaintiffs, to make them whole, and to rectify the harm caused by the illegal action.

We therefore conclude that in the present case, a claim for relief under the Act and a legal claim for damages as a result of unlawful discharge were tried in a single proceeding. Assuming only for purposes of argument that

4

reinstatement and back pay are equitable claims, plaintiffs presented both legal and equitable claims to the jury, each claim arising out of common fact issues. In a similar proceeding in Lincoln v. Board of Regents of Univ. System (11th Cir. 1983), 697 F.2d 928, 934, cert. denied, 464 U.S. 826 (1983), the Circuit Court ruled on the effect of trying equitable and legal causes of action arising out of a common fact issue and stated:

> An action for reinstatement and back pay under Title VII is by nature equitable and entails no rights under the seventh amendment. An action for damages under § 1981, however, is by nature legal and must be tried by a jury on demand. When legal and equitable actions are tried together, the right to a jury in the legal action encompasses the issues common to both. When a party has the right to a jury trial on an issue involved in a legal claim, the judge is of course bound by the jury's determination of that issue as it affects his disposition of an accompanying equitable claim (citations omitted).

We approve and adopt the reasoning contained in the above quotation from Lincoln.

In the present case, plaintiffs tried to a jury claims under the Act as well as claims which are legal in nature. Steele Mountain was entitled to have a jury determine whether or not the plaintiffs suffered damages for emotional distress. We hold that the right to a jury trial in the present action encompassed both the claims under the Act and the legal claims for damages, and that the trial judge was bound by the jury's determination of facts on all issues. We hold that the District Court erred in granting a new trial and remand the case to the District Court with instructions to reinstate the jury verdict and enter judgment in accordance with that verdict.

5

## II

Did the District Court err in denying defendants' motion for attorney fees?

Section 49-2-509(3), MCA, provides that the court may in its discretion allow the prevailing party reasonable attorney fees. Steele Mountain contends attorney fees should have been awarded because plaintiffs' case was frivolous and factually baseless. In denying attorney fees, the District Court ruled:

> [A]n award of attorney fees under this statute is wholly discretionary. Attorney fees are rarely awarded to a prevailing party defendant. Where the suit successfully defended was frivolous or factually baseless, attorney fees may be allowed to a prevailing Defendant. This is not true of the case at bar.

Our review of the record establishes that the District Court did not abuse its discretion in denying attorney fees to Steele Mountain. We will not substitute our discretion for that of the District Court. We affirm the denial of attorney fees.

We reverse and remand with specific instructions that the jury verdict be reinstated, and judgment entered in accordance with this opinion.

Justice

6

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

7