No.   **91-175**

IN THE SUPREME COURT OF THE STATE OF MONTANA

**1991**

LAURA J. McCANN,

      Respondent and Appellant,

  -vs-

TRUSTEES, DODSON SCHOOL DISTRICT,

      Petitioner and Respondent.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
               In and for the County of Phillips,
               The Honorable B.W.  Thomas, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      Emilie Loring; Hilley & Loring, Missoula, Montana.

      For Respondent:

      Catherine Swift; Erdmann Law Office, Helena,
      Montana.

FILED

AUG 13 1991

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Submitted on briefs:  July 16, '991

Decided:  August 13, 1991

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The District Court for the Seventeenth Judicial District, Phillips County, granted summary judgment for the Trustees of Dodson School District (school district) in this action for attorney fees pursuant to § 49-2-505(4), MCA. Laura J. McCann appeals. We reverse.

The issue is whether the District Court abused its discretion in awarding attorney fees to the school district as the prevailing defendant in the underlying discrimination case filed under the Montana Human Rights Act.

The school district brought this action in District Court to recover from Laura J. McCann (McCann) its attorney fees incurred in defending against her complaint of unlawful discrimination. McCann filed her complaint with the Montana Human Rights Commission in August 1986. She alleged that the school district, her employer, had discriminated against her on the basis of race and sex when she, a Caucasian female, was paid less for her combination teacher/aide position than was a Native American male for his comparable position. The Human Rights Commission hearing examiner, while agreeing that McCann had established a prima facie case of employment discrimination, nevertheless concluded that a basis other than gender and race had been shown to explain the salary differential. The hearing examiner concluded that the school district was justified in paying the male more because he was

2

available to work as an athletic director and coach, for which he was also paid an additional stipend. The Human Rights Commission affirmed the hearing examiner's decision. McCann did not appeal that final administrative determination.

The school district then initiated a district court action for attorney fees under § 49-2-505(4), MCA:

> The prevailing party in a hearing under this section may bring an action in district court for attorneys' fees. The court in its discretion may allow the prevailing party reasonable attorneys' fees, . . .

The parties filed and briefed cross-motions for summary judgment. Concluding that "there is a lack of supporting evidence here, [McCann] carried on her litigation too long, and her action was not reasonable," and that "[p]ublic policy is advanced by discouraging claims of limited merit," the District Court granted the school district's motion for summary judgment. The parties stipulated to the amount of attorney fees, just under $5,000. McCann appeals.

Did the District Court abuse its discretion in awarding attorney fees to the school district as the prevailing defendant in the underlying discrimination case filed under the Montana Human Rights Act?

Until now, no standard has been authoritatively set forth to guide a district court's discretion in deciding whether attorney fees should be awarded to a successful defendant in an action filed

under the Montana Human Rights Act. However, this Court has affirmed a denial of attorney fees to a prevailing defendant based on the district court's determination that the case was not "frivolous or factually baseless." Breese v. Steel Mountain Enterprises, Inc. (1986), 220 Mont. 454, 458, 716 P.2d 214, 216.

This Court has stated that the Montana Human Rights Act "is closely modeled after Title VII, and reference to pertinent federal case law is both useful and appropriate." Snell v. Montana-Dakota Utilities Co. (1982), 198 Mont. 56, 62, 643 P.2d 841, 844. Here, the parties and the District Court cite the standard set forth in Christiansburg Garment Co. v. EEOC (1978), 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648, as appropriate in deciding whether a successful defendant in a Human Rights Act case is entitled to attorney fees. Christiansburg addressed the question of when attorney fees should be awarded to a successful defendant in a Title VII action.

The Christiansburg standard is that

> a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

Christiansburg, 434 U.S. at 422.

The reasons for the above limitation on the allowance of attorney fees to successful defendants in Title VII actions are also present in cases decided under the Montana Human Rights Act. The right to be free from discrimination because of race, creed,

4

religion, color, sex, physical or mental handicap, age, or national origin is a civil right specifically recognized by law. Section 49-1-102, MCA. Civil rights acts depend upon private individuals to uphold the public policy set forth in the law. To avoid discouraging the filing of meritorious claims under the Montana Human Rights Act, we adopt the standard set forth in Christiansburg as the measure for whether attorney fees should be granted to prevailing defendants under § 49-2-505(4), MCA.

Both parties cite federal circuit court cases decided under Christiansburg. However, as they acknowledge, none of those cases control and all are factually distinguishable. We do note that, in contrast to most cases in which this Court defers to a trial court's discretion on the grounds that the trial court has the unique opportunity to observe the demeanor of the parties and witnesses, this action was decided on summary judgment after administrative action. Therefore, the District Court did not have the opportunity to observe the demeanor of the parties or witnesses.

We conclude that the Christiansburg standard has not been met here. Based primarily on the hearing examiner's finding that McCann made a prima facie case, we disagree with the District Court's statement that there is a lack of supporting evidence and that McCann's action was not reasonable. "If the plaintiff established a prima facie case . . . this will generally defeat a

prevailing defendant's request for fees." Larson, Employment Discrimination, vol. **3**, § 58.12, pp. 11-104 through 11-106.1 (1990). Additionally, we do not accept the District Court's reasoning that McCann's case is "of limited merit." There is nothing in the record to indicate that McCann's case was filed or pursued in bad faith. The school board points to McCann's parallel pursuit of separate federal administrative proceedings, her eventual loss of this case, and her apparent refusal of a compromise offer from the school district. But we are unwilling to hold that the pursuit of administrative remedies is grounds for a ruling of unreasonableness. McCann did not further pursue the action after being unsuccessful in the administrative proceedings. Despite the school district's protestation that it is a small entity and that the attorney fees incurred in defending this case present a hardship to it, we conclude that, in light of the strong public policy of encouraging possibly meritorious claims filed under the Montana Human Rights Act, the school district must pay its own attorney fees.

Reversed.

J. A. Turnage
Chief Justice

We concur:

_John Conway Harrison_

_Fred J. Weber_

_Rudin M. Gray_

_William E. Hunt Sr._

_R. C. McDonough_

_Fred J. Weber_
Justices

7

August 13, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Emilie Loring
Hilley & Loring
500 Daly Ave.
Missoula, MT  59801

Charles E. Erdmann
Erdmann Law Office
P.O. Box 5418
Helena, MT  59604

Patricia D. Peterman and Kyle A. Gray
Holland & Hart
175 No. 27th St., Ste. **1400**
Billings, MT  59101

Bruce W. Moerer
Montana School Boards Assc.
1 S. Montana Ave.
Helena, MT  59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy